## THE ELKHART AND WESTERN RAILROAD COMPANY v. WALDORF.

[No. 2,101.   Filed February 4, 1897.]

APPEAL.—*Law of Case.*—A decision of the Appellate Court, whether right or wrong, is binding upon a subsequent appeal.

SAME.—*Excessive Damages.*—A verdict will not be disturbed on appeal on the ground of excessive damages, unless it is so excessive as to indicate that the jury acted from prejudice, partiality, or corruption.

EVIDENCE.—*Opinion.*—Where the facts were fully placed before the jury, it was not error to exclude opinion evidence based thereon, where an opinion could have been readily formed by the jurors.

SAME.—*Where a Witness is Asked to Repeat a Conversation.*—A witness who is asked to repeat a conversation had at some previous time must give the conversation as it occurred, or the substance of it, and leave the court or jury to determine what the parties intended.

From St. Joseph Circuit Court.   *Affirmed.*

*Henry C. Dodge,* for appellant.

*A. L. Brick* and *Alex. Wilhelm,* for appellee.

ROBINSON, J.—In the spring of 1893 the appellee was the owner of two certain adjoining tracts of land containing one and one-half, and ten acres, respectively, and the appellant, desiring to construct its railroad over said land bought the same and received a deed containing the following clauses:

"Said grantor reserves the right to possession of the entire tract of land, above described, for a period of one year from the date hereof, except a right of way sixty-six feet wide across the first above described tract of land.  Also the right of possession for a period of two years, from the date hereof, to all that portion lying south of said right of way, unless said party

shall desire all, or any portion thereof, except that portion occupied by said brickyard, for railroad purposes.

"The grantee hereby agrees to put in all necessary crossings for the use of the grantor, during his occupancy of said premises.

"Grantee reserves the right to enter any portion of said premises at all times to make any needed repairs, or to protect said property in any manner. Said grantor, during his tenancy, agrees to keep the same occupied and cared for, the same as if he was the owner."

At the time the deed was executed there was, upon the south part of the land, a brickyard, with machinery and sheds worth about $800.00, also a clay bed already opened. The brickyard and clay bed were adapted to the business of brick making and the land was unfit for any other use.

Soon after the execution of the deed mentioned above, the railroad company constructed its tracks across the land, and made it impracticable, as appellee claimed, to run the brick yard, and for this alleged invasion of the rights of the appellee, this suit was brought to recover damages.

Upon the issues joined there was a trial by jury and a verdict for the appellee, and over appellant's motion for a new trial judgment was rendered on the verdict.

The only error assigned is the overruling of the motion for a new trial.

The first and second reasons in the motion, for a new trial, namely, that the verdict of the jury is not sustained by sufficient evidence and is contrary to law may be considered together. These reasons for a new trial require a construction of the deed conveying the land in question by the appellee to the appellant.

The deed in question was under consideration in

this court when this case was here on a former appeal. *Waldorf* v. *Elkhart, etc., R. R. Co.*, 13 Ind. App. 134. In that case the court said: "The trial court seems to have disposed of the case upon the theory that under the provisions of the deed appellant had no right to dig up the clay for brick.

"Counsel for the appellee are of the opinion that the truth of this proposition is self-evident and needs no authority. With this view we are unable to agree. * * *

"In this case it was clearly the intention of the parties, as expressed in the deed, that the grantor was to have, not only the naked possession, but the use and enjoyment of the land, and that certainly included the right to use it for a brick yard and to dig the clay from the opened pit, these being essential to the use of that portion of the land for the only purpose for which it was fitted."

We think that by the terms of the deed the intention of the parties is manifest, that at the time the deed was made there should be a limited reservation in the deed in favor of the grantor, and that there should be a limitation on, and an exception out of that limited reservation. That is to say, the grantor's reservation of the right of possession to the south half of the land for two years was limited by the right of the railroad company to take possession for railroad purposes within the two years, of all or any portion of the land except that part of the land occupied by the brick yard. The possession of that part of the land occupied by the brick yard was reserved absolutely for two years, and the possession of the rest was reserved for two years, unless the railroad company wanted it within that time for railroad purposes.

It is earnestly insisted by appellant's counsel, that the reservation in the deed was not construed on the

former appeal. The point in controversy is, what do the words "occupied by said brick yard" mean, when taken in connection with the whole instrument, and what part of the land would that expression include?

We think the language used in the opinion, on the former appeal, and as set out above, is a construction of the deed in question, and whether that construction be right or wrong, it is the law on this appeal. *Linton Coal, etc., Co.* v. *Persons,* 15 Ind. App. 69.

The third and fourth grounds for a new trial were, that the damages assessed were erroneous and excessive. The jury gave appellee a verdict for $1,500.00, but a remittitur for $750.00 was entered and judgment rendered for the balance.

Under the construction that has been placed upon the deed the appellee was entitled, under the reservation, to mine clay on the premises for two years. There is evidence in the record that, before the railroad was built, the land, where the brick yard and clay beds were located, was worth nothing, except for brick yard purposes, and that the value for that purpose for two years was $3,000.00, and that after the railroad had built its track across the clay beds the land was worthless as a brick yard; that the fair rental value for the two years of the brick yard and clay beds at the time the road was built was from $1,000.00 to $1,500.00 per annum, and that after the railroad was built the land had no rental value as a brick yard.

If the appellee was injured by the construction of the railroad across the beds, and was entitled to damages therefor, he was entitled to recover in one suit all damages that flow from the wrongful act of the railroad company. If the act done is necessarily injurious, and is of a permanent nature, the party injured may at once recover his damages for the whole

injury. 1 Sedg. on Damages (8th ed.), section 94, 95; 3 Sedg. on Damages (8th ed.), section 924; Pierce Railroads, 229, 230; *Strickler* v. *Midland R. W. Co.*, 125 Ind. 412.

It is well settled, by numerous decisions in this State, that courts will not interfere with the verdict of a jury on the ground of excessive damages, unless they are, as said by Chancellor Kent, "so outrageous as to strike everyone with the enormity and injustice of them, and so as to induce the court to believe that the jury must have acted from prejudice, partiality and corruption." *Lake Erie, etc., R. W. Co.* v. *Acres*, 108 Ind. 548; *Louisville, etc., R. W. Co.* v. *Falvey*, 104 Ind. 409, and cases cited; *Ohio, etc., R. W. Co.* v. *Judy*, 120 Ind. 397; *Kelley* v. *Kelley*, 8 Ind. App. 606.

We cannot say that the damages assessed in this case appear at first blush to be outrageous or excessive.

Appellant says, in his brief, that the questions raised by the assignment of the fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, and fifteenth grounds for a new trial are each and every one of them well assigned, if the construction which appellant insists should obtain in reading the deed as reformed is correct. But as appellant's construction of the deed did not obtain on the former appeal, it is not necessary to notice further these several grounds for a new trial.

The sixteenth ground for a new trial was predicated upon the refusal of the court to permit the appellant to prove by a certain witness, Dryhuff, who had made a careful examination by drilling, that there was no clay within fifteen feet of the surface at any point touched by the line of the railroad, or in any manner interfered with by establishing the tracks. The wit-

ness had already testified in detail about a number of borings he had made on the land, and as to the result of such borings, whether or not he found clay, and if so how deep it was under the surface, thickness of the strata, location, and in fact all about the tests he had made. The question asked simply called for an opinion of the witness whether, from the tests he had made, there was or was not any clay within a certain depth below the surface. The witness had already detailed to the jury all the knowledge he had on the subject.

In the case of *Brunker* v. *Cummins*, 133 Ind. 443, Elliott, J., speaking for the court, said: "It is safe to assume at the outset, that where the facts can be fully placed before the jury, opinion evidence, even from experts, is incompetent if the facts are of such a nature that jurors are as well qualified to form an opinion upon them as the witnesses." *Connecticut, etc., Ins. Co.* v. *Lathrop*, 111 U. S. 612; *Milwaukee, etc., R. R. Co.* v. *Kellogg*, 94 U. S. 469.

In this case, there was no necessity for the evidence called for by the question, for the facts embodied in the question had already been given to the jury, and an opinion could have been readily formed by the jury upon the facts which the witness had already given them. Nor is it shown by the record that the witness was competent to testify as an expert on the subject of clay, suitable for brick making. *Toledo, etc., R. R. Co.* v. *Jackson*, 5 Ind. App. 547.

Whether or not it would be competent for one of the parties to the deed to explain what might appear to be an ambiguity in the instrument, by giving a conversation had with the other contracting party, at the time the deed was made, is immaterial on this appeal, as the construction placed on the deed on the former appeal is binding.

When a witness is asked to give a conversation had at some previous time with another person, he must give the conversation as it occurred, or the substance of it, and leave the court or jury to determine what the parties intended.

The twentieth reason assigned for a new trial was the giving of instruction number two. This instruction is framed in accordance with the construction placed upon the deed when this case was here on the former appeal, and according to the interpretation then given the deed, it correctly stated the law.

The sixth instruction was on the measure of damages. In this instruction the jury was told, that although this suit was commenced before the expiration of appellee's reservation of two years, the appellee might recover in this suit his damages for the whole injury done him. That is, if the jury found that the construction of the railroad was over the clay pits, or beds, opened by appellee, that these clay beds were essential to the use of that south half reserved, and that thereby the value of the brickyard for use was wholly destroyed, and that this was the only use for which the land was fitted, then the measure of damages is the total value of plaintiff's interest; and if the injury was only partial, then the value of the partial interest destroyed is the measure of damages. We think this instruction correctly stated the law as to the measure of damages. It was based upon the construction of the deed, binding on the lower court.

We find no error in the record for which the judgment should be reversed.

Judgment affirmed.