## Lake Temple by S. C. Temple, Appellee, v. Alton, Granite & St. Louis Traction Company, Appellant.

### (Not to be reported in full.)

Appeal from the City Court of Alton; the Hon. JAMES E. DUNNEGAN, Judge, presiding. Heard in this court at the March term, 1915. Reversed and remanded. Opinion filed December 1, 1915.

### Statement of the Case.

Action by Lake Temple, by S. C. Temple, his next friend, plaintiff, against the Alton, Granite and St. Louis Traction Company, defendant, for damages for personal injuries sustained as a result of a collision between an automobile which plaintiff was driving and defendant's street car. From a judgment for plaintiff, defendant appeals.

The first instruction for plaintiff was as follows: "The court instructs the jury that if you believe from all the evidence in this case that the plaintiff was exercising all due care and caution for his own safety and the safety of others at the time of the injury complained of, or if you further believe from all the evidence in the case that the defendant through its servants so operating an electric car was careless and negligent at the time and place, namely, the intersection of Second and Ridge streets, so as to cause the aforesaid injury, if you believe the plaintiff was injured, then your verdict should be for the plaintiff in such amount as you may believe from the evidence he is entitled to receive, not to exceed $5,000, the amount claimed in the declaration."

The court further instructed the jury: "And if you further believe from the evidence that the defendant failed to give the required signal in approaching said crossing by ringing a bell or sounding a gong, and that such failure contributed to the accident, then your verdict should be for the plaintiff in such an amount as you believe from the evidence he is entitled to receive, not to exceed the amount claimed in the declaration."

WILLIAMSON, BURROUGHS & RYDER, for appellant.

B. J. O'NEILL, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. STREET RAILROADS, § 140*—*when instruction authorizing recovery for negligence not charged in declaration erroneous.* In an action against a street railroad for damages for personal injuries sustained as a result of a collision between an automobile driven by plaintiff and defendant's street car, in which the declaration

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Temple v. Alton, Granite & St. L. Traction Co., 197 Ill. App. 227.

alleged negligence, in operating the car at a high rate of speed and in failure to sound a bell, an instruction that the plaintiff could recover if the jury believed that the defendant operated its car in a careless and negligent manner, *held* erroneous as not confined to the negligence charged in the declaration, since there was evidence that the car was operated without a headlight, and the jury might find that the defendant was negligent in this respect.

2. Damages, § 209*—*when instruction erroneous because not limiting damages to compensatory amount*. In an action against a street railroad for damages for personal injuries sustained as a result of a collision between an automobile driven by plaintiff and defendant's street car, an instruction that if the plaintiff was entitled to recover the verdict should be for such sum as the jury might believe from the evidence he was entitled to receive, not exceeding the amount stated in the declaration, *held* erroneous as not limiting the damages to a compensatory amount.

3. Street railroads, § 146*—*when instruction erroneous because allowing recovery for act not proximate cause of injury*. In an action against a street railroad for damages for personal injuries sustained as a result of a collision between an automobile driven by plaintiff and defendant's street car, an instruction that if the jury believed from the evidence that the defendant failed to give the required signal upon approaching the crossing by ringing a bell or sounding a gong and that such failure contributed to the accident, *held* erroneous as allowing a recovery for an act of negligence which was not the proximate cause of the injury.

4. Negligence, § 47*—*necessity that negligence be proximate cause of injury*. It is not sufficient to create a liability for negligence that the act contributed to the injury, but it must have been the proximate cause of the injury.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.