Josephine M. Denton, Administratrix of the Estate of
David U. Denton, Deceased, Appellee, v. Midwest
Dairy Products Corporation, Appellant.

Opinion filed March 6, 1936.

CARL H. PREIHS, of Pana, for appellant; M. C. COOK, WILL P. WELKER, of Vandalia, and JOHN W. PREIHS, of Pana, of counsel.

HARRY C. MILLER and J. G. BURNSIDE, of Vandalia, for appellee.

MR. PRESIDING JUSTICE EDWARDS delivered the opinion of the court.

Appellee, as administratrix of the estate of David U. Denton, deceased, brought suit in behalf of herself as widow, and her infant son as next of kin, of the deceased, against appellant to recover damages for the death of decedent caused by the wilful and wanton misconduct of the driver of a truck belonging to appellant and in which her intestate was riding as a guest passenger. A jury awarded appellee $4,000 damages. At appropriate times appellant moved for directed verdicts, judgment *non obstante veredicto,* and for a new trial, all of which motions were overruled by the court and judgment entered upon the verdict. Appellant insists that the court erred in each of such rulings.

The trial court appears to have treated the suit as having been brought under Ill. State Bar Stats. 1935,

ch. 95a, ¶ 47 (5) (section 58a, ch. 95½, Smith-Hurd R. S. 1935) providing: "No person riding in a motor vehicle as a guest, without payment for such ride, nor his personal representatives in the event of the death of such guest, shall have a cause of action for damages against the driver or operator of such motor vehicle or its owner or his employee or agent for injury, death or loss, in case of accident, unless such accident shall have been caused by the wilful and wanton misconduct of the driver or operator of such motor vehicle or its owner or his employee or agent and unless such wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought."

In *Reed v. Zellers*, 273 Ill. App. 18, the court, in construing this section, held that it did not create a cause of action, but on the contrary was a limitation of the common law right of the guest to recover for damages. This being true, the action could not be predicated upon such section, but must be based upon sections 1 and 2 of the Injuries Act, Ill. State Bar Stats. 1935, ch. 70, ¶¶ 1, 2, which, in effect, provide that when the death of a person is caused by the wrongful act of another, and the act is such as would, if death had not resulted, entitle the party injured to maintain an action for the damages thereby sustained, the personal representatives of such deceased person may maintain the action for his next of kin.

In *Ohnesorge v. Chicago City Ry. Co.*, 259 Ill. 424, the rule was declared to be that where a death results from injuries occasioned by the misconduct of another, the only action which lies is the one granted by the Injuries Act to the personal representatives for the benefit of the next of kin of the deceased; and likewise held in *Young v. Ostrander*, 270 Ill. App. 368. It is obvious that appellee was obliged to institute her action under sections 1 and 2 of the Injuries Act, and that such sections, as restricted by said section 58a,

control the bringing of the suit and the right and extent of the recovery.

Appellant contends that the law, applicable to the cause, required appellee to aver and prove that her intestate's decease was proximately caused by the misconduct of appellant's employee, and that it was not sufficient that she allege and show merely that such misconduct contributed to his death.

That the law so requires, unless it be that the rule has been changed by said section 58a, is not open to dispute. It has for many years been the settled law not only in this State, but in most other jurisdictions, that to sustain an action for death, the wrongful act complained of must have been its proximate cause. *Chicago & A. R. Co. v. Becker,* 76 Ill. 25; *Schmalfeld v. Peoria & E. Ry. Co.,* 156 Ill. App. 1; *Temple v. Alton, Granite & St. L. Traction Co.,* 197 Ill. App. 227; *Ramberg v. Morgan,* — Iowa —, 218 N. W. 492; *Elliott v. Kraus,* 92 Ind. App. 494, 172 N. E. 783; *Frye v. City of Detroit,* 256 Mich. 466, 239 N. W. 886; *Breed v. Philgas Co.,* 118 Conn. 128, 171 Atl. 14; *Beach v. Patton,* 208 N. C. 134, 179 S. E. 446. Moreover, it has been held by our courts that in such case the plaintiff must aver, and the proof must establish, that the wrongful act of the defendant caused the death complained of; *Holton v. Daly,* 106 Ill. 131; *Quincy Coal Co. v. Hood,* 77 Ill. 68; *Schmalfeld v. Peoria & E. Ry. Co., supra;* and not merely that it contributed thereto.

"In order to arrive at the proper construction to be placed upon a statute, it is proper to look at the law as it previously stood, the matter sought to be remedied, and the nature and spirit of the statute." *Bookhart v. Greenlease-Lied Motor Co.,* 215 Iowa 8, 244 N. W. 721.

Applying the test thus laid down, we notice that the law in force previous to the enactment of said section 58a permitted a guest passenger to recover for in-

juries sustained through the wrongful act of another, whether such was mere negligence, or wilful and wanton misconduct; that the object to be attained was the elimination of such actions, when based solely upon ordinary negligence, and the limitation of the right of recovery to instances where the injury was resultant from wanton and wilful misconduct. With such a background of purpose, it is difficult to believe that the legislature could have intended to limit the bringing of such actions to instances of misconduct which in their nature border on crime, and at the same time permit a recovery upon proof that the wilful and wanton misconduct merely contributed to the death, without regard to the degree of contribution, no matter how slight or remote it might be.

We do not think that such was their purpose or intent, or that they designed to alter the long established and thoroughly understood rule, based upon logic and common sense, in the light of human understanding and experience, that before a recovery is warranted, it is incumbent upon the plaintiff to aver and prove that the wrongful act of the defendant was the proximate cause of the death.

Appellant claims that the complaint in each count fails to make such averment. In the first count it is charged, "that said injury to plaintiff's intestate, from which injuries on the date he received the same he died, was then and there caused by the willful and wanton misconduct of the driver of such motor vehicle." In count No. 2 the allegation is: "Which said wanton and willful conduct on the part of the defendant, by and through its agent and employe, contributed to and caused the injury to plaintiff's intestate, from which injury he died on the day and date aforesaid"; while in the 3rd count the charge is: "That said injury to plaintiff's intestate, from which injuries on the date he received the same he died, was then and there caused

by the willful and wanton misconduct of the driver of such motor vehicle.''

In all of the counts the averment is that the injury was caused by the wilful and wanton misconduct of appellant's driver, and that such injury occasioned the death of appellee's intestate. The gist of the charge is that the driver, by his misconduct, caused the injury, and thereby encompassed the death of decedent. This alleges that his misconduct alone was the cause of such death, and necessarily includes therein that it was proximately caused thereby. The additional averment in each count that the misconduct contributed to the death was wholly unnecessary and added nothing to the charge. Such may be disregarded as surplusage. *Jones v. Sanitary Dist.*, 265 Ill. 98; *Barnes v. Northern Trust Co.*, 169 Ill. 112, 118. We think the complaint was good as against objections raised concerning it, and that the court rightly so held.

It is earnestly contended that the proof failed to make a case for appellee, and that the court should have directed a verdict for appellant. Without entering into a detailed discussion of the proof, we state it to be our opinion that there was sufficient evidence bearing upon appellee's case to warrant the court in submitting the cause to the jury; *Libby, McNeill & Libby v. Cook,* 222 Ill. 206; and for the same reason we think the court properly overruled the motion for judgment *non obstante veredicto.*

Under its motion for a new trial, appellant urged that the trial court in its charge misdirected the jury as to the law of the case. Among other things the court charged the jury: ''And in this case, if you find from a preponderance of the evidence that the driver of the truck was guilty of willful and wanton misconduct, as above defined, and that as a consequence thereof the accident occurred, and further, that such conduct contributed to the death of plaintiff's intestate, that you should find the defendant guilty.''

As we have previously seen, the conduct of the truck driver which occasioned the injury must also have been the proximate cause of the death of the deceased, hence the portion of the charge which permitted a finding for appellee, upon proof that such conduct merely contributed to same, was not an accurate statement of the law, and should not have been given.

Appellant tendered as a suggestion for the charge, which was rejected, that the court did not by word uttered, nor remarks made, during the trial, nor by its charge, intimate or mean to give or be understood as giving an opinion upon the facts of the case; that it was solely for the jury to determine the facts from the evidence, and then apply to them the law as given in the instructions. This suggestion was a correct statement of law, as well as a helpful guide to the jury, and inasmuch as the principle it contained was not embodied in the charge, we think it should have been adopted by the court and given to the jury.

Upon the question of damages, the court incorporated into the charge a direction: ''And the elements to be considered in computing such damages, are what they might reasonably have expected in the way of care, support and education by and through the husband and father, and the amount of estate they might have inherited from him, if any, and from a consideration of these elements, you should find the damages.'' Appellant argues that the inclusion of ''the amount of estate they might have inherited from him,'' as an element of damages, was erroneous and improper.

In *Chicago, P. & St. L. R. Co. v. Woolridge,* 174 Ill. 330, the court stated, on page 336: ''The sole measure of damages is pecuniary loss,—that is, how much would the deceased, in all probability, have added to the estate had he lived.'' Also, in *Jury v. Ogden,* 56 Ill. App. 100, 104, the court declared: ''The amount to be recovered is what the statute regards as the pecuniary value of the addition to such estate left as the de-

ceased, in reasonable probability, would have made to it and left, if his death had not been so wrongfully caused.''

From these authorities it is apparent that the courts regard the statute as conferring a right of recovery for what in reasonable probability would have been added to, and left, by the deceased as a part of his estate. Hence it is proper to charge a jury in such case that they may consider, as damages, the amount which probably, in reason, the decedent would have added to his estate but for his wrongful death.

The charge in the instant case does not limit such fact, within the rule as stated; on the contrary, it told the jury they might consider as damages ''the amount of estate they might have inherited from him.'' This, in its broadly inclusive language, would mean not only the probable addition to his estate, but all other property which he might leave, without regard to the source of its acquisition, and is in direct contravention of the rule as stated in two decisions last cited; for which reason it was erroneous and should not have been given.

It is further urged that the court erred in refusing certain other suggestions offered by appellant. Upon an examination we find that they were largely reiterations of legal principles which were embodied in the charge, and were rightly rejected.

The trial court permitted appellee to prove, over objection by appellant, that its truck was being driven about 50 miles an hour at a point some six miles from the scene of the accident. It further appeared that the truck stopped at Colling's filling station, about two miles from the place of the collision, where its driver transacted some business, and thence proceeded to the point where the disaster occurred. It is contended that the speed of the truck six miles from the scene of the accident is irrelevant. Had the proof further es-

tablished that the rate of speed was maintained up to the time of the casualty, then such evidence would have been properly admissible; *Wellman v. Mead,* 93 Vt. 322, 107 Atl. 396; *Taxicab Co. v. Hamburger,* 146 Md. 122, 125 Atl. 914; it, however, did not so show. On the contrary, it is undisputed that the truck thereafter, and prior to the collision, stopped for an appreciable period of time, and again resumed its course. No continuity of the rate of speed having been shown, we think it was error to permit proof of same at a point six miles from the place of accident. *Ramp v. Osborne,* 115 Ore. 672, 239 Pac. 112.

For the reasons given, the judgment is reversed, and the cause is remanded.

*Reversed and remanded.*