**DROMEY et al. v. INTER STATE MOTOR FREIGHT SERVICE et al.**

No. 7536.

Circuit Court of Appeals, Seventh Circuit.

June 20, 1941.

Royal W. Irwin, of Chicago, Ill., and Gerald C. Snyder, of Waukegan, Ill., for appellants.

Wm. W. Smith, Delmar J. Hill, C. H. G. Heinfelden, Theodore C. Diller, and Stephen Love, all of Chicago, Ill., for appellees.

Before SPARKS and MAJOR, Circuit Judges, and BRIGGLE, District Judge.

SPARKS, Circuit Judge.

This appeal is from a judgment in favor of the defendants in a suit brought to recover damages for the death of three girls and injuries suffered by three others in an automobile accident. The case was tried to a jury which rendered a verdict of not guilty. Error is claimed to have arisen out of the admission of alleged incompetent and highly prejudicial evidence; refusal to charge the jury as requested by plaintiffs; and prejudicial remarks of counsel in his argument to the jury.

The plaintiffs who are here appealing are the administrator of the estates of the three girls killed in the accident, and three other girls who were seriously injured. The six girls were guest passengers in a five passenger automobile owned and operated by one Edward Kuczyk who was also injured. The corporate defendant owned

a large tractor and trailer, the negligent operation of which was alleged to have contributed to the accident. Mrs. Davis, the other defendant, was operating a passenger automobile also alleged to have contributed to the accident.

The accident occurred about 10:40 o'clock the night of October 14, 1938, within the corporate limits of Winthrop Harbor. Mrs. Davis had been driving north on Sheridan Road, and reached a point where she wished to turn left into the driveway of her own home. Observing the lights of another vehicle (the truck) approaching from the north, and knowing that her turn was a sharp one, she stopped her car and waited to make it until the truck had passed. The road at this point was a concrete highway about 20 feet wide with a black line down the center. It was slightly curved, and dipped at that point from Hollyhock Hill just south. The view was somewhat obscured by trees and shrubbery around the curve.

As appellants describe the accident in their brief, Mrs. Davis brought her car to a stop in the northbound lane of Sheridan Road at the time the northbound Kuczyk car came over the brow of Hollyhock Hill, 1,500 feet away. She saw the lights of the approaching truck about 500 feet away and decided to wait until the truck had passed before making her left-hand turn. "The Kuczyk car was driven at a speed of about forty miles an hour. By reason of the fact that it was proceeding around a curve, the headlights of the Kuczyk car did not shine on the Davis car until it was within one hundred feet of it. The driver of the Kuczyk car testified there were no lights on the back of the Davis car. As the Kuczyk car proceeded around the curve, the headlights fell upon the Davis car and the driver, when within forty feet of the car, realized for the first time there was a car standing in the northbound lane but it was too late to stop. He thereupon turned into the southbound lane to pass the Davis car on its left side. At that moment the lights of the southbound truck were seen to be approaching at the north end of the filling station about two hundred feet away. When the Kuczyk car passed the Davis car it was only going about twenty miles an hour and there was not time to cross back into the right-hand side of the road and at the same time avoid a collision with the truck. The driver of the Kuczyk car thereupon abruptly turned to the left off the concrete road into the filling station lot. The car was brought to a stop between twelve and twenty feet west of the concrete. The motor truck, which was heavily loaded, was said (by Kuczyk) to have been traveling at the rate of fifty-five or sixty miles an hour as it approached the scene of the accident. The driver of the motor truck, apparently realizing that at the speed he was traveling he would be unable to stop the motor truck in time to avert a collision, also turned off to the right, traveled the entire distance across the filling station lot and ran head on into the right side of the Kuczyk car."

The negligence charged against the owner and driver of the truck was excessive speed, and failure to have the truck under proper control. That charged against Mrs. Davis was violation of the statutory inhibition against parking a car and permitting it to stand on the concrete highway.

■ The only evidence relied upon to sustain the charge against the truck driver was that of Kuczyk. This was contradicted by the testimony of the truck driver and Mrs. Davis, both of whom said he was going about 25 miles an hour, and by another witness who was also driving south, behind the truck, and had seen it from about five blocks before the accident. He stated that the truck was going more slowly than his 35 mile an hour speed. With this contradictory evidence, the jury was fully warranted in finding the truck driver not guilty of the charge of negligence.

■ Appellants complain of the refusal of the court to instruct the jury on the effect of the alleged violation by Mrs. Davis of the statute forbidding stopping, standing or parking upon a paved highway, Ill.Stat.1939, Chap. 95½, § 185. We are convinced that the court correctly refused the instruction, and that this statute had no application to the situation here involved, where Mrs. Davis was merely making a momentary stop preparatory to making a left turn. She, her fourteen-year-old-son who was with her in the car, and the driver of the truck all testified that she gave the proper hand signal to indicate her intention of making the traffic turn left. In addition, there was convincing evidence that her lights were on after the accident, with front and taillights in good working order. She stated that as she prepared to make the turn she saw the other northbound car, but it was so far away that she did not give it another

thought. Under these circumstances we think the statute imposed no duty on her to pull off the road to the right while waiting to make her turn.

Appellants vigorously assail the introduction of what they call highly prejudicial evidence regarding the speed with which the Kuczyk car was being driven. This testimony was given by four boys who stated that they had raced the latter car for several miles until they reached a point about a mile and a half south of the scene of the accident where they turned off Sheridan Road. They all testified that Kuczyk was driving at a speed of from 65 to 70 miles an hour with the exception of a few blocks within the city limits of Zion where both cars slowed down. This evidence of speed was corroborated by that of two other witnesses, one of whom said that, at a point about a mile and a half south of the accident, the Kuczyk car passed the car in which they were driving, going at a speed of about 70 to 80 miles an hour, and the other, that it was going "terribly fast." Mrs. Davis and her son also tesified that the Kuczyk car went by, "like a flash" and "like a skyrocket." The truck driver also estimated the speed at which Kuczyk was driving at about 70 miles an hour. We think this corroborative evidence tends to prove the continuity of the excessive speed of the Kuczyk car up to the point of the accident, thus rendering inapplicable a case relied upon by appellants to show the inadmissibility of evidence of speed not proved to have continued up to the place of the accident. See Denton v. Midwest Corp., 284 Ill.App. 279, 1 N.E.2d 807. Hence, although Kuczyk himself testified that he had not driven faster than 50 miles an hour at any point on the trip north, and the three girls who survived the trip also testified that he had not gone very fast, there was credible evidence from which the jury might, and no doubt did, conclude that the proximate cause of the accident was not the alleged negligence of Mrs. Davis or the truck driver, but was the excessive speed with which Kuczyk operated his car. This appears the more reckless in view of the fact that he stated that he was entirely familiar with the road and drove over it very frequently.

Appellants complain of the language of counsel for one of the defendants in describing Kuczyk as "little Eddie, the speed hound * * * (whom) these poor unfortunate mothers could have put in the penitentiary." While this language was extravagant, we think that in view of the record in this case, it did not constitute reversible error.

Judgment affirmed.