Thomas J. Mills, et al., Plaintiffs-Appellants, v. Village of Milan, a Municipal Corporation, and National Disposal Service of Illinois, Inc., Defendants-Appellees.

Gen. No. 65-60.

Third District.

March 8, 1966.

Stewart R. Winstein, of Rock Island, for appellants.

Stuart R. Lefstein and Robert J. Noe, both of Rock Island, for appellees.

ALLOY, J.

This cause is before us on an appeal from an order of the trial court granting the motions to dismiss made by the Village of Milan and National Disposal Service of Illinois, Inc., defendants, pursuant to sections 48 and 45 of the Civil Practice Act (Ill Rev Stats 1963, c 110, §§ 48 and 45). The trial court certified that no reason exists for delay in appealing this cause. We are solely con-

cerned with the pleadings involved since the action was disposed of on the pleadings alone.

Plaintiffs Thomas J. Mills, W. K. Rollf, Logan Mills, Tommy Philliber and Jack Blair filed a complaint for injunction and other relief alleging that the dumping of garbage and other refuse would be a statutory nuisance within the provisions of chapter 100½, section 27 of Illinois Revised Statutes and also a common-law nuisance and prayed that defendants be enjoined and restrained from dumping garbage or other offensive matter within the corporate limits of the defendant Village of Milan. It was further requested that the court declare the dumping to constitute a nuisance and to abate it. In conjunction with the motions to dismiss which were filed by the Village of Milan and the National Disposal Service of Illinois, there was filed the affidavit of the attorney for the Village of Milan to the effect that a contract for joint disposal of garbage, refuse and ashes had been entered into on May 18, 1965, and a copy of said contract is attached to the motions. There was also attached to the motions, copies of the ordinances of the City of Moline, Illinois, and the Village of Milan.

On appeal in this court, plaintiffs contend that the trial court erred in granting the motions to dismiss and in dismissing the complaint, on the basis that the documents attached to and supporting the motions do not show an agreement for disposal of garbage, refuse or ashes or other offensive substance between the Village of Milan and the City of Moline within the provisions of chapter 100½, section 27, or chapter 24, section 11–19–1 (Ill Rev Stats 1963) and following, and that the complaint sets forth facts sufficient to allege a nuisance. Under the terms of section 27 (Ill Rev Stats 1963, c 100½) referred to, which prohibits any person from dumping garbage within the limits of a village such as Milan, the section expressly provides for two exceptions: (a) a munici-

pality within the corporate limits in which the garbage or other offensive substance shall have originated may dump the garbage within the municipal limits, and (b) the municipality which has contracted with another municipality within which the garbage has originated for the joint collection and disposal of garbage may dispose of the garbage within the village. It is further noted that under 1963 Illinois Revised Statutes, chapter 24, section 11–19–1, relating to corporate powers and functions of municipalities, it is provided that any city may make contracts with any other city relating either to the collection *or* final disposition of garbage, refuse and ashes. Under section 11–19–6 of the same chapter, it is provided that any municipality may exercise the powers, individually or jointly, and cooperatively with any municipality, if not in conflict with sections 11–19–7 through 11–19–10. Under section 11–19–7(f), it is further provided that a contract between municipalities may contain such provisions as shall be deemed necessary to effectuate a workable system of collection and disposal or "solely of collection" or "solely of disposal" of garbage, refuse and ashes.

■■ It is apparent from a reading of the sections referred to that they authorize joint action for collection or for disposal or for both as to garbage. Obviously, the Village of Milan can clearly and lawfully dump the garbage collected within its corporate limits. The contract entered into between Milan and Moline is also one which is clearly within the provisions of the statute (Ill Rev Stats 1963, c 100½, § 27). Such statute provides expressly that garbage and other refuse as to which a municipality has contracted with another municipality "within which garbage has originated for the joint collection and disposal of garbage" is excepted from the provisions of the act. Plaintiffs on appeal in this court contend that the contract between Milan and Moline (since separate contracts in each case with the municipality under consideration do provide for collection of the Milan

66

garbage, etc. and dumping in the land-fill location and collection of the Moline garbage, etc. and dumping in the Milan land-fill location), does not fall within the second statutory exception referred to because the contracts do not call for joint collection *and* disposal of garbage by the two municipalities.

 Prior to 1957, section 27 of chapter 100½ herein referred to, did not contain the exceptions referred to and there was no provision in the Cities and Villages Act expressly empowering municipalities to enter into joint contracts with each other for the joint collection and disposal of garbage. By amendment in 1957 of the Cities and Villages Act, such joint contracts were permitted (Ill Rev Stats 1963, c 24, § 40–6). The section now under consideration was also amended by including therein language containing the two exceptions, obviously for the express purpose of exempting therefrom municipalities which entered into joint contracts for disposal of garbage. Section 27 also must be read in conjunction with chapter 24, section 11–19–1 and section 11–19–7 hereinabove referred to which permit the municipality to make contracts with any other municipality relating to the collection *and* final disposition or relating solely to either collection *or* final disposition of garbage, refuse and ashes. Section 11–19–7, in outlining the contents of the contract to be used, provides that the contract should specify whether the municipalities shall participate in a joint garbage department or whether they shall enter into a single contract or contracts with a private party or parties with reference to garbage collection and disposal. It is apparent from such statutes, that contracts with private parties are permissible where these contracts provide solely for disposal of garbage.

All of the elements referred to in the section cited are included in the contract between the Village of Milan and Moline. There was no mandatory provision in the statute that the municipalities establish a joint garbage de-

partment or that they agree to assume any financial or other responsibilities for the garbage of the other municipality. The contracts under consideration provide for the joint use of the land-fill disposal site in question by the parties to the agreements. It designates National Disposal Service of Illinois, Inc. to operate the site. The contracts specifically provide that all operations thereunder shall be carried on in a healthful and sanitary manner in compliance with all applicable laws and ordinances. The ordinances of Milan and Moline did in fact appoint a three-member committee which is designated to meet with its counterpart in each of the municipalities and make recommendations for the improvement of the garbage disposal system. While the contracts do not specifically provide that they may be opened to admit additional municipalities or counties, it is noted that such alternatives are merely permissive and not required under the terms of section 11–19–7 referred to, although, as a matter of fact, the contract with Milan does provide that it may be modified from time to time as conditions warrant.

██ The words used in section 27 of the statute (Ill Rev Stats 1963, c 100½, § 27) "joint collection and disposal of garbage" in view of all the related sections referred to, obviously should be construed to mean "joint collection or disposal of garbage." The words "and" and "or" are used interchangeably in statutes where it is necessary to give effect to legislative intent (John P. Moriarty, Inc. v. Murphy, 387 Ill 119, 55 NE2d 281) and it is consistent to look at prior and contemporaneous statutes relating to the same subject in determining the meaning of the statutory provision (Ashton v. Cook County, 384 Ill 287, 51 NE2d 161). It is obvious from an analysis of this related statute that the dumping of garbage within the corporate limits of the Village of Milan which originates in the Village of Milan and the City of Moline is not a violation of the statute referred to, and is not a

nuisance but is specifically authorized by the provisions of the statutes referred to.

 The operation of a public dump of the type with which we are concerned is obviously not a nuisance per se and the allegations of plaintiffs' complaint did not establish that there was a nuisance in fact. The collection and disposal of garbage are acts within the police power of the municipality and have a direct relationship to the promotion and safeguarding of public health and welfare (39 American Jurisprudence, Nuisances, section 11, page 290; Consumers Co. v. City of Chicago, 313 Ill 408, 145 NE 114; Canal Melting Co. v. Columbia Park Co., 99 Ill App 215). The record discloses no specific allegations of fact which would justify the granting of injunctive relief to plaintiff. There is merely an allegation that there will be a proposed dumping which would create a nuisance and that odors would emanate from the dump. Injunctions cannot be based upon speculation or conjecture where the activity to be undertaken is presumptively valid and legal (Nichols v. City of Rock Island, 3 Ill2d 531, 538–539, 121 NE2d 799). As the Illinois Supreme Court has stated in City of Kankakee v. New York Cent. R. Co., 387 Ill 109, 117, 55 NE2d 87:

> "It is only in extreme cases, unless the rights of the parties as to the facts of the nuisance have been settled, in action at common law, that a court of equity will take jurisdiction to abate a nuisance by injunction."

No such facts were alleged in the present case. It is apparent that the court properly dismissed the complaint on the motions filed herein. The judgment of the Circuit Court of Rock Island County is, therefore, affirmed.

Affirmed.

CORYN and STOUDER, JJ., concur.