**Joanne ALTORFER, Appellant,**

v.

**NEELLEY SAND & GRAVEL, INC.,
Appellee.**

No. 11987.

Court of Civil Appeals of Texas,
Austin.

March 7, 1973.

Rehearing Denied April 4, 1973.

Charles Morris, Garey & Morris, Thomas Goggan, Austin, for appellant.

Roy L. Barrett and George Chase, Naman, Howell, Smith & Chase, Waco, for appellee.

SHANNON, Justice.

This is a negligence suit filed in the district court of Bell County by appellant, Joanne Altorfer, against appellee, Neelley Sand & Gravel, Inc. Upon trial to a jury, the court entered judgment *non obstante veredicto* in favor of appellee. We will affirm that judgment.

Appellant's cause arose from a daytime automobile-truck collision near Belton at the intersection of Interstate Highway 35 and Neil Street on June 19, 1971, about 12:00 o'clock noon. At that time it was misting and the road surface was wet and slick. Before the collision, A. J. Gowans, who was driving appellee's loaded sand and gravel trailer truck, and appellant, who was driving her Ford automobile, were both traveling south on Interstate 35. At the locale of the collision, Interstate 35 has two southbound lanes and two northbound lanes divided by an uncurbed esplanade. At the intersection of the Interstate and Neil Street there was some evidence of a turn lane designated for southbound traffic

on Interstate 35 to turn left onto Neil Street.

Gowans testified that before the collision he drove his truck slowly toward the intersection in the left southbound lane, and that his left turn signal was on. His truck had crossed over onto the gravel portion of the left turn lane when he heard appellant's automobile skidding. The truck driver testified that he intended to turn left onto Neil Street but was temporarily unable to do so because of oncoming northbound traffic on Interstate 35. He recollected that his truck had stopped before it was struck by appellant's vehicle.

Appellant said that prior to the collision she was also in the left lane behind the truck. Upon realizing that the truck was proceeding more slowly than her automobile she applied her brakes and her automobile began to slide uncontrollably. When her vehicle struck the rear of the truck, appellant recalled that the truck was still moving slowly.

In her trial petition appellant pleaded that the truck driver was negligent in driving too slowly, in attempting to turn left at a location when such movement could not be made with safety, in stopping or "near stopping" on a paved portion of the highway when it would have appeared practical to stop off the pavement, and in failing to give a signal for a left turn or a signal for a stop or decrease in speed.

The court submitted special issues inquiring as to Gowans' negligence pursuant to the allegations in appellant's trial petition. The answers of the jury to those special issues absolved Gowans of primary negligence save for those answers to special issues five and six listed below. The jury by its answers to other special issues exculpated appellant of contributory negligence.

To special issues five and six the jury answered, "We do".

"Special Issue No. 5. Do you find from a preponderance of the evidence that on the occasion in question A. J. Gowans stopped his vehicle on the paved part of the highway at a time when it would have appeared practical to a person using ordinary care to stop the vehicle off the paved part of the highway."

"If you have answered Special Issue No. 5 'We do', then answer Special Issue No. 6; otherwise, do not answer Special Issue No. 6."

"Special Issue No. 6. Do you find from a preponderance of the evidence that such action was a proximate cause of the occurrence in question?"

Appellant did not request, nor did the court submit, an issue inquiring as to whether such stopping on the pavement was negligence.

Appellant complains of the judgment by two points of error, to the effect that the court erred in disregarding the answers of the jury to special issues numbers five and six, for the reason that there was ample evidence to support those answers.

■ To sustain the trial court's granting of a Motion for Judgment *non obstante veredicto,* it must be determined that there is no evidence to justify the jury answers relied upon. In considering such motion we are bound to reject all evidence favorable to appellee and consider only the facts and circumstances which tend to sustain the jury's answers. Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696 (1914); Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194 (1952); Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d 547 (1962).

Viewed most favorably to appellant, as required by the rules of decision, the facts were that appellee's driver stopped the truck on the paved part of the highway while waiting for oncoming northbound traffic to pass before he turned left onto Neil Street. We will also regard appellant's testimony as controlling in the determination that there was no designated left turn lane at the involved intersection. However, the undisputed evidence was that

there were no signs prohibiting a left turn at the intersection, and as Officer Cecil Cosper of the Belton police force said, the intersection was a " . . . normal place that people turn their vehicles to the left to go . . ." onto Neil Street.

Special issues number five and six were doubtless taken from 1 Texas Pattern Jury Charges § 5.27 (1969), which submission was based on Tex.Rev.Civ.Stat.Ann. Art. 6701d, Sec. 93(a). Sec. 93(a) provides in part, that:

"Upon any highway outside of a business or residential district no person shall *stop, park, or leave standing* any vehicle, whether attended or unattended, upon the paved or main-traveled part of the highway when it is practicable to stop, park, or so leave vehicle off such part of said highway . . ." (emphasis added) [1]

■ We are of the opinion that the court correctly entered judgment *non obstante veredicto* for the reason that Section 93(a), Art. 6701d does not prohibit the momentary stopping of a vehicle on the paved part of a highway while in the process of waiting for traffic to clear before beginning a lawful left turn. Dromey v. Interstate Motor Freight Service, 121 F.2d 361 (7th Cir., 1941); Hinkle v. Union Transfer Co., 229 F.2d 403 (10th Cir., 1955), see Allied Finance Company v. Gammill, 440 S.W.2d 897, 900 (Tex.Civ.App.1969, writ ref. n. r. e.). Momentary stops required or permitted by law, and those stops made out of reasonable necessity when it would be hazardous to proceed on the intended course are not prohibited in our opinion by Sec. 93(a). See 43 Iowa L.Rev. 401 (1958).

Appellant's reliance on Enloe v. Barfield, 422 S.W.2d 905 (Tex.1968) is misplaced.

In that case there were no issues submitted pursuant to Section 93(a), and, unlike here, the driver in that case was attempting to turn left at an impermissible opening in the esplanade of the freeway.

Affirmed.

---

1. Nearly every state has a statute designed to provide for free flow of traffic on the highway. The jurisdictions are about evenly divided between those which prohibit merely "parking or leaving", and those which include also the word, "stop". 43 Iowa L.Rev. 401 (1958). Texas, of course, is in the latter category. See Art. 6701d, Sec. 93(a), *supra*.