ELMHURST STAMPING & MANUFACTURING COMPANY, Plaintiff-Appellant, *v.* AMAX PLATING, INC., Defendant-Appellee.

First District (1st Division)    No. 77-974

Opinion filed December 11, 1978.

Alan Kawitt, of Chicago, for appellant.

Prince, Schoenberg, Fisher & Newman, Ltd., of Chicago, for appellee.

Mr. JUSTICE BUCKLEY* delivered the opinion of the court:

Plaintiff, Elmhurst Stamping & Manufacturing Co., filed suit against defendant, Amax Plating, Inc., for an outstanding debt owed by Amax's predecessor corporation. Elmhurst Stamping appeals from orders of the circuit court of Cook County denying its motion for summary judgment and granting Amax's motion to dismiss. The basis for the circuit court's rulings was that Elmhurst Stamping had failed to file a timely claim with the receiver in liquidation proceedings against Amax's predecessor corporation and was, therefore, barred from relitigating its claim under sections 87 and 89 of the Business Corporation Act (Ill. Rev. Stat. 1977, ch. 32, pars. 157.87, 157.89).

On appeal Elmhurst Stamping argues that the liquidation proceedings did not bar its claim because either the Business Corporation Act or the Illinois or United States Constitution require notice to creditors by personal service of summons.

On November 12, 1971, General Motors Corporation filed suit against Amax Industries, Inc., predecessor of defendant corporation, in the circuit court of Kane County. As a creditor, General Motors sought the appointment of a receiver and the liquidation of Amax Industries pursuant to sections 86 and 87 of the Business Corporation Act. Ill. Rev. Stat. 1977, ch. 32, pars. 158.86, 157.87.

On November 24, 1971, prior to the appointment of a receiver, Amax Industries organized a wholly owned subsidiary, Amax Plating, Inc., an Illinois corporation and defendant herein, to continue a portion of Amax Industries' buisiness.

On November 30, 1971, the court appointed a receiver to take exclusive possession and control of all the property of Amax Industries.

On August 1, 1974, as part of a debtor's plan for compromise, the

---

* This opinion was prepared by Justice Buckley while assigned to the Illinois Appellate Court, First District.

court entered an order pursuant to section 89 of the Business Corporation Act (Ill. Rev. Stat. 1977, ch. 32, par. 157.89) establishing December 16, 1974, as the last day for creditors of Amax Industries to file proofs of their respective claims with the receiver, in care of his attorney. Any claim not so filed was ordered barred from participating in any distribution of the corporation's assets.

It was further ordered that the receiver serve notice of the entry of the court's order by publication in two local newspapers and by regular mail to all known creditors of the corporation. Elmhurst Stamping, a contract creditor of Amax Industries, received notice via regular mail. This notice contained the proper address of receiver's counsel and reasonably conveyed the required information. Elmhurst Stamping attempted to mail its proof of claim but apparently misdirected it to the attorneys for Amax Industries rather than the receiver's attorney.

Elmhurst Stamping concedes it had actual knowledge of the pendency of the liquidation litigation, and that it failed to file a timely, legally effective claim. On September 27, 1976, Elmhurst Stamping filed suit in the instant case against Amax Plating, successor corporation for Amax Industries.

The only issues before this court are: (1) whether the notice provided Elmhurst Stamping complied with the requirements of section 89 of the Business Corporation Act and (2) whether that notice comported with State and Federal due process requirements?

Section 89 of the Business Corporation Act (Ill. Rev. Stat. 1977, ch. 32, par. 157.89) entitles the court to "prescribe the notice that shall be given to creditors and claimants * * *." Elmhurst Stamping contends that it was entitled to nothing less than personal service via summons. In construing this statutory language we must heed its plain meaning. (*Hamilton v. Green* (1976), 44 Ill. App. 3d 987, 358 N.E.2d 1250; *La Salle National Bank v. Village of Burr Ridge* (1967), 81 Ill. App. 2d 209, 225 N.E.2d 33.) Here it is apparent that the legislature intended to vest discretion in the trial court as to what type of notice should be afforded creditors. Clearly, if the legislature intended only notice by summons it would have expressly referred to the term "summons" as done in other statutes. See, *e.g.*, Ill. Rev. Stat. 1977, ch. 110, par. 13 *et seq.*

■■ Additionally, prior statutory language should be considered in determining meaning. (*Mills v. Village of Milan* (1966), 68 Ill. App. 2d 63, 214 N.E.2d 915; *Denton v. Midwest Dairy Products Corp.* (1936), 284 Ill. App. 279, 1 N.E.2d 807). The corresponding provision of the prior statute fortifies our conclusion that notice provided creditors is solely determined by the sound discretion of the trial court. In pertinent part it provides: "The court may also prescribe what notice, by publication or otherwise,

shall be given to creditors * * *." 1919 Ill. Laws 328, §55 (repealed 1933).

Finally, section 13.3 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 13.3) further indicates that service upon corporations is not restricted to service by summons.

> "A private corporation may be served * * * (2) in any other manner now or hereafter permitted by law."

Accordingly, we find Elmhurst Stamping's contention that Illinois statutory law requires service by summons without merit.

■■ Elmhurst Stamping's main argument is that insofar as section 89 of the Business Corporation Act (Ill. Rev. Stat. 1977, ch. 32, par. 157.89) enables the court to provide notice other than by service of summons, it violates the due process clause of the Illinois and United States Constitutions. (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2). We do not agree and hold that as applied to the facts of this case section 89 of the Business Corporation Act is constitutional.

■■ The essential elements of due process are notice and an opportunity to be heard. (*Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652; *Durkin v. Hey* (1941), 376 Ill. 292, 33 N.E.2d 463.) But due process is a flexible protection requiring only such notice and hearings as are commensurate with the necessities of a particular case and the character of the rights affected. (*Pipe Trades, Inc. v. Rauch* (1954), 2 Ill. 2d 278, 118 N.E.2d 319). To satisfy due process requirements, the form of notice provided should be likely to be received and plain to understand. *Mullane*; *Griffin v. Cook County* (1938), 369 Ill. 380, 16 N.E.2d 906.

Elmhurst Stamping erroneously contends that due process can only be satisfied by personal service of summons. There are several examples of both Federal and State statutory authorization of notice other than by summons. A situation closely analogous to the instant case is Federal bankruptcy proceedings. Bankruptcy statutes provide 10-day notice by mail for creditors. (11 U.S.C. §94 (1970), constitutionality upheld in *McRaney v. Riley* (1922), 128 Miss. 665, 91 S. 399, *cert. denied* (1922), 260 U.S. 727, 67 L. Ed. 484, 43 S. Ct. 90). Illinois probate procedures require that creditors receive only notice by publication. (Ill. Rev. Stat. 1977, ch. 110½, par. 18—3). Also, both State and Federal class action statutes require potential claimants receive the best notice appropriate under the circumstances. (28 U.S.C. Rule 23(c)(3) (1966); Ill. Rev. Stat. 1977, ch. 110, par. 57.4). Notice by mail has been held sufficient to fulfill this requirement. (*In re Nissan Motor Corp. Antitrust Litigation* (5th Cir. 1977), 552 F.2d 1088; *Minnesota v. United States Steel Corp.* (D. Minn. 1968), 44 F.R.D. 559). In some circumstances publication was upheld as

the best practical notice to potential class members. *Booth v. General Dynamics Corp.* (N.D. Ill. 1967), 264 F.Supp. 465.

Moreover, in *Village of Bensenville v. Botu, Inc.* (1976), 39 Ill. App. 3d 634, 350 N.E.2d 239, the statutory proscription that notice of pending police action to abate a nuisance be mailed to defendant was upheld as affording defendant due process of law.

The United States Supreme Court decision in *Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652, evidences that court's hostility to notice by publication yet approval of notice by regular mail. *Mullane* involved the judicial settlement of the accounts of a trustee of a common trust fund. The governing state statute required only notice to beneficiaries by publication. The court found this statutory scheme unconstitutional but suggested that notice by regular mail would suffice.

> "Where the names and post-office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency." 339 U.S. 306, 318, 94 L. Ed. 865, 875, 70 S. Ct. 652, 659.

In this case the circuit court of Kane County apparently mirrored the *Mullane* court's concern that personal service at least through regular mail be provided known creditors whose whereabouts are also known. Under the circumstances of liquidation proceedings the notice provided Elmhurst Stamping afforded sufficient due process protections. One hundred seventy-four other claimants and creditors joined in the liquidation litigation. Reasons of delay and expense preclude serious consideration that service of summons is constitutionally mandated. (*Mullane*). Notice by publication coupled with mailed notice to known creditors was reasonably certain to reach those interested in the cause; indeed, Elmhurst Stamping had actual notice of the proceeding.

Accordingly, Elmhurst Stamping's claim against Amax Plating is barred for failure to comport with the filing requirements of section 89 of the Business Corporation Act. (Ill. Rev. Stat. 1977, ch. 32, par. 157.89.) Its subsequent contract action was, therefore, properly dismissed and its motion for summary judgment properly denied by the circuit court of Cook County.

Affirmed.

O'CONNOR and McGLOON, JJ., concur.