TISKILWA ECONOMIC DEVELOPMENT CORPORATION *et al.*, Plaintiffs-Appellees, v. THE ZONING BOARD OF APPEALS OF THE VILLAGE OF TISKILWA, Defendant-Appellant (Forrest L. Morse *et al., Amici Curiae*).

Third District   No. 3—86—0079

Opinion filed October 28, 1986.

Franklin S. Wallace, of Winstein, Kavensky, Wallace & Doughty, of Rock Island, and Michael L. Henneberry, of Michael L. Henneberry, P.C., of Princeton, for appellant.

John Isaacson, of Trimble, Angel, Hornbaker & Isaacson, of Princeton, for appellees.

Stewart R. Winstein, of Winstein, Kavensky, Wallace & Doughty, of Rock Island, for *amici curiae*.

PRESIDING JUSTICE SCOTT delivered the opinion of the court:

The defendant, the zoning board of appeals of the village of Tiskilwa, and Forrest L. Morse and Ardis M. Morse, *amici curiae*, appeal from an order of the circuit court of Bureau County that reversed the board's decision affirming the denial of plaintiffs' building permit by the zoning enforcing officer of the village of Tiskilwa.

The board contends that the trial court's order should be reversed because it did not have jurisdiction in prior proceedings to grant variances to the plaintiffs which would permit issuance of the building permit. The board specifically maintains that its grant of variances to the plaintiffs violated the village of Tiskilwa zoning ordinances in regard to required notification to all property owners within 300 feet of the plaintiffs' property.

Plaintiffs petitioned the zoning board of appeals of Tiskilwa to grant certain variances for their property. A public hearing was held on the petition and the board granted the requested variances on November 8, 1984. The plaintiffs thereafter filed with the village of Tiskilwa zoning enforcing officer an application for a building permit allegedly allowed by the variances granted. The zoning enforcing officer on December 5, 1984, gave written notice to the plaintiffs that their application was "refused on the basis that alleged variances granted constitute a change in the zoning ordinance, and as such it is an abuse of the authority granted by the Village of Tiskilwa Board of Zoning Appeals."

The plaintiffs thereafter filed an appeal of the zoning enforcing officer's decision with the zoning board of appeals, claiming the officer exceeded his authority in denying the building permit. Further, that his denial improperly reversed the board's decision of November 8, which granted the variances. A public hearing was held before the

board on February 7, 1985, and the plaintiffs' appeal was denied.

Pursuant to the provisions of the administrative review act (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*), the plaintiffs filed a complaint for administrative review in the circuit court of Bureau County requesting reversal of the board's decision and an order directing the board to issue a building permit for their property. The board, in its answer to the complaint for administrative review, pleaded an affirmative defense which contended that its grant of variances to the plaintiffs on November 8, 1984, was a violation of the Tiskilwa zoning ordinance and was therefore invalid *ab initio.*

The trial court entered an order striking the affirmative defense and, after a hearing on the merits, entered an order reversing the board's decision of February 7, 1985. The trial court held that the action of the board upholding the zoning enforcing officer's denial of a building permit to the plaintiffs was without legal justification. Further, that the board's action was arbitrary, unreasonable and capricious. The trial court remanded to the board for issuance of a building permit as requested by the plaintiffs.

The board thereafter filed a petition to reconsider with the trial court requesting an evidentiary hearing as to whether the variances granted by the board on November 8 was an invalid act *ab initio.* The board contended therein that it did not have jurisdiction to hear the plaintiffs' petition for the variances it granted because necessary parties were not notified pursuant to requirements of the village of Tiskilwa zoning ordinance. The trial court held an evidentiary hearing on the board's petition and entered an order denying the petition and affirming its original order. The board filed the instant appeal and Forrest L. Morse and Ardis M. Morse joined as *amici curiae.*

A number of issues are presented to this court by the parties in this appeal. We find it necessary to consider but one of those issues, to wit, whether the Tiskilwa zoning board of appeals possesses the requisite standing to appeal an earlier decision rendered by itself.

■ In the plaintiffs' complaint for administrative review filed with the trial court, only one issue was presented for review. This issue was whether the February 7 decision of the zoning board of appeals upholding the zoning enforcing officer's denial of the plaintiffs' request for a building permit was proper. The grant of variances to the plaintiffs by the board on November 8, 1984, has never been appealed as required by law. (Ill. Rev. Stat. 1985, ch. 24, par. 11—13—13; Ill. Rev. Stat. 1985, ch. 110, par. 3—103.) It is well settled that the right to a review of a zoning board of appeals' grant of variances is limited to those parties to the proceedings wherein the variance

was originally granted. (*222 East Chestnut Street Corp. v. Board of Appeals* (1958), 14 Ill. 2d 190, 152 N.E.2d 465.) The administrative agency itself is not included among the class of parties entitled to a review of its decision to grant a zoning variance. "The law is well settled that the right to review a final administrative decision is limited to those parties to the proceeding before the administrative agency whose rights, privileges or duties are affected by the decision." *222 East Chestnut Street Corp. v. Board of Appeals* (1958), 14 Ill. 2d 190, 192, 152 N.E.2d 465, 466.

■■ The board, in its answer to the plaintiffs' complaint for administrative review presented to the trial court, improperly sought to include itself as a party possessing the right to a review of its earlier decision. Further, the board's affirmative defense presented in its answer and petition to reconsider attempted to attack collaterally its decision to grant the variances requested by the plaintiffs. The trial court properly struck the affirmative defenses of the board. (See *Burke v. Board of Review, Illinois Department of Labor* (1985), 132 Ill. App. 3d 1094, 477 N.E.2d 1351.) The trial court's evidentiary hearing on the board's petition to reconsider we hold to be harmless error, given its subsequent denial of the petition and affirmance of its original order.

■■ ■ In the instant appeal the board, in essence, again seeks review of the validity of its own order which it entered in a proceeding which was not under administrative review by the trial court. Unlike the case of *Speck v. Zoning Board of Appeals* (1980), 93 Ill. App. 3d 460, 417 N.E.2d 630, relied on by the board, wherein it was held a zoning board had standing to seek review of the trial court's reversal of its original grant of a special-use variance, the instant case presents a situation wherein a zoning board is seeking a review of the trial court's affirmance of a decision made by itself in an earlier proceeding. We hold that the zoning board of appeals does not have standing to question the validity of its own earlier order. Further, as this court clearly set forth in *Allen v. Young* (1972), 3 Ill. App. 3d 528, 278 N.E.2d 103, proper statutory procedures for appeal of an administrative decision may not be later collaterally attacked in another proceeding.

Based on the foregoing we affirm the decision of the circuit court of Bureau County.

Affirmed.

HEIPLE and WOMBACHER, JJ., concur.