RICHARD BUROFF, Plaintiff-Appellant, v. THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF CHICAGO RIDGE *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—92—0566

Opinion filed June 30, 1993.—Rehearing denied August 6, 1993.

Flood, Bredemann & Evans, of Park Ridge (James J. Flood, of counsel), for appellant.

Thomas F. McGuire & Associates, Ltd., of Long Grove, for appellees.

JUSTICE GIANNIS delivered the opinion of the court:

Plaintiff, Richard Buroff, appeals from an order of the circuit court dismissing his complaint pursuant to sections 2—619(a)(1) and (a)(5) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1991, ch. 110, pars. 2—619(a)(1), (a)(5)). The circuit court determined that plaintiff's complaint, which sought review of an order of the Board of Fire and Police Commissioners of the Village of Chicago Ridge (the Board), had not been timely filed under section 3—103 of the Code (Ill. Rev. Stat. 1991, ch. 110, par. 3—103). We have jurisdiction under Supreme Court Rules 301 and 303. 134 Ill. 2d Rules 301, 303.

On March 26, 1991, the Board entered findings and a decision on a three-count complaint filed against plaintiff. The counts charged plaintiff with violating certain rules and regulations of the Chicago Ridge police department. The Board found him guilty of all counts and terminated his employment.

On April 24, 1991, plaintiff filed a motion with the Board for reconsideration of its decision. A copy of this motion has not been included as part of the record on appeal, but there is no dispute that such a motion was filed.

Two days later, on April 26, 1991, plaintiff filed a complaint for administrative review in the circuit court of Cook County (Ill. Rev. Stat. 1991, ch. 110, par. 3—103). In paragraph 8 of this complaint, plaintiff represented that "on April 24, 1991, the plaintiff petitioned the defendant for a rehearing, which petition was denied by said Board and plaintiff has therefore exhausted every administrative remedy available to him." In fact, the Board had not yet acted on plaintiff's rehearing petition. Copies of the summons and complaint were served upon defendants. Defendants did not, however, file an appearance in the circuit court.

On May 10, 1991, the Board held a hearing on the motion for reconsideration and the case was taken under advisement. On that same day, plaintiff filed a document in the circuit court entitled "Agreed Order," which represented that plaintiff had given proper notice and the court was advised of an agreement and stipulation of the parties. The order stated that the case was dismissed without prejudice pursuant to section 2—1009 of the Code of Civil Procedure with leave to refile pursuant to section 13—217 of the Code. At this time, however, there was still no opposing attorney of rec-

ord, nor does the record contain any evidence of an agreement between the parties.

On May 14, 1991, the Board issued its written finding and decision denying plaintiff's motion for reconsideration. On June 4, 1991, plaintiff filed a motion to vacate the voluntary dismissal which stated "that certain proceedings that had been pending before the Board of Police and Fire Commissioners have been completed on May 14, 1991, and all administrative relief in this matter has been exhausted." There is no indication in the record that notice was ever served upon the defendants. The court vacated the order of voluntary dismissal on June 17, 1991.

On July 17, 1991, the Board filed a motion to dismiss based upon sections 2—619(a)(1) and (a)(5) of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, pars. 2—619(a)(1), (a)(5)). In support of the motion, the Board argued that the complaint filed by plaintiff on April 26, 1991, was premature because the petition for rehearing was still pending with the Board and that it was not until plaintiff's petition was denied on May 14, 1991, that the matter became a final and appealable order. According to the Board, plaintiff had 35 days from May 14, 1991, until June 18, 1991, to file his complaint with the circuit court for administrative review. (Ill. Rev. Stat. 1991, ch. 110, par. 3—103.) The Board notes that the 35-day period is jurisdictional in nature (*Condell Hospital v. Health Facilities Planning Board* (1987), 161 Ill. App. 3d 907, 936), and argues that plaintiff's act of vacating the voluntary dismissal within this 35-day period was insufficient to confer jurisdiction in the circuit court.

Plaintiff responded that it relied in good faith upon the agreement of defense counsel that a voluntary dismissal could be entered once it was determined that the complaint was prematurely filed. Plaintiff suggests that since defendants never objected to vacating the voluntary dismissal and reinstating the complaint, they should be estopped from moving to dismiss under section 2—619. Plaintiff states defendants suffered no prejudice by being ordered to answer the complaint.

Section 3—103 of the Code states in pertinent part: "Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." (Ill. Rev. Stat. 1991, ch. 110, par. 3—103.) The issue before us is whether plaintiff's act of vacating a voluntary dismissal of his prematurely filed

complaint within 35 days of the Board's final order is sufficient to confer jurisdiction in the circuit court under section 3—103.

Plaintiff states that he was diligent in filing both his complaint and issuing summons within 35 days of receipt of the Board's findings and decision. He claims that he filed his motion for reconsideration before the Board, without access to the local rules of procedure and in an attempt to satisfy the language of the statute (Ill. Rev. Stat. 1991, ch. 110, par. 3—101). Plaintiff represented that after discussion with the Board's attorney, George Witous, both parties agreed to voluntarily dismiss plaintiff's complaint without prejudice pursuant to section 2—1009 of the Code of Civil Procedure. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1009.) Immediately after the Board denied his petition for rehearing, plaintiff filed a motion to vacate the voluntary dismissal and reinstate the case, which was granted 14 days later.

Defendants contend that George Witous, the Board's attorney, merely informed plaintiff's counsel of the administrative review options prior to the filing of plaintiff's motion for reconsideration. It is defendants' position that they did nothing to suggest or advise to plaintiff's counsel when or how to proceed with his case.

We begin by noting that judicial review can only be undertaken where there is a final agency determination. (*Jagielnik v. Board of Trustees of the Police Pension Fund* (1991), 211 Ill. App. 3d 26, 32.) Such a determination is made following "some sort of adversarial process involving the parties affected, where a hearing on controverted facts is held, and ultimately a disposition is rendered by an impartial officer." (*Taylor v. State Universities Retirement System* (1987), 159 Ill. App. 3d 372, 376.) In the absence of such a final administrative decision, the circuit court lacks jurisdiction to consider the matter. Ill. Rev. Stat. 1991, ch. 110, par. 3—102; *Bi-State Development Agency v. Department of Revenue* (1990), 205 Ill. App. 3d 668.

Section 3—101 of the Code (Ill. Rev. Stat. 1991, ch. 110, par. 3—101) makes clear that an agency decision is not final and appealable during the time the agency considers a petition for rehearing:

> "In all cases in which a statute or a rule of the administrative agency requires or permits an application for a rehearing or other method of administrative review to be filed within a specified time *** and an application for such rehearing or review is made, no administrative decision of such agency shall be final as to the party applying therefor until such rehearing or review is had or denied."

In this case, plaintiff chose to pursue his post-decision rights under section G—13 of the Board's rules:

> "Any defendant who has been found guilty of charges before the Commission may, within thirty (30) days of such finding petition the Commission in writing for a rehearing petition for such rehearing shall state fully on what grounds a rehearing is requested. The Commission may grant a new hearing if in their [*sic*] opinion the facts presented justify such action. If the petition for such rehearing is denied by the Commission, the order, finding or decision shall stand."

As noted in *Oliver v. Civil Service Comm'n* (1967), 80 Ill. App. 2d 329, 333-34:

> "Judicial review of an administrative decision may not be had until the aggrieved party has exhausted his administrative remedies. The Administrative Review Act provides that if an agency provides a method for rehearing a case, either by an agency rule or by a statutory provision, then an agency decision is not an appealable 'administrative decision' until the aggrieved party requests a petition and his petition is denied. The statute further provides that in the event an agency does not have a provision for rehearing, the final order becomes ripe for review when it is rendered by the agency."

In this case, the Board had a rule pertaining to rehearing. Thus, once plaintiff chose to file a petition for rehearing, he was required to wait until the petition had been decided.

In *International Harvester v. Industrial Comm'n* (1978), 71 Ill. 2d 180, under similar facts, the supreme court held that the premature filing of a complaint seeking administrative review did not confer jurisdiction on the circuit court. The supreme court found an employer's petition to correct errors following a decision by the Industrial Commission prevented the Commission's decision from becoming final and appealable. The employer's filing of a writ of *certiorari* with the circuit court during the time its petition with the Commission was still pending was therefore treated by the court as a nullity. See also *Kelly v. Industrial Comm'n* (1990), 203 Ill. App. 3d 626.

Here, as in *International Harvester*, once plaintiff chose to file a post-decision petition, it became incumbent upon him to wait for the Board's final administrative determination before seeking review in the circuit court. It is undisputed that no complaint was filed nor was summons issued within the 35 days following the

Board's final decision. Indeed, even if it is assumed that plaintiff's complaint had not been prematurely filed and that plaintiff had relied upon the "Agreed Order" granting him leave to refile his complaint pursuant to section 13—217 of the Code, this section required plaintiff to "commence a new action." (See Ill. Rev. Stat. 1991, ch. 110, par. 13—217.) Plaintiff was therefore on notice that he was required to refile and issue a new summons, which he did not do. *Cf. Behling v. Department of Labor* (1988), 171 Ill. App. 3d 804 (plaintiff properly permitted to *refile* timely administrative review action under section 13—217 following dismissal).

In *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, the supreme court recognized that the 35-day requirement could be relaxed where a party makes a good-faith effort to issue summons within the statutory period, but due to some circumstance beyond his control the summons is not issued. (*Lockett*, 133 Ill. 2d at 355. See also *Cox v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 399, 402-04; *City National Bank & Trust Co. v. Property Tax Appeal Board* (1983), 97 Ill. 2d 378, 382.) Plaintiff urges this court to relax the 35-day filing period where he has shown a good-faith effort to comply with the requirements of the Code. He specifically claims that relaxation of the 35-day period is appropriate where he was unfairly prejudiced by representations of the Board's attorney that the dismissal of the original complaint could be later reinstated.

In the present case, however, we see nothing in the record which would have prevented plaintiff from filing a timely complaint and issuing a new summons within the statutory period. Nothing in the record indicates that the Board's attorney did anything but advise plaintiff that he could not pursue his case in two forums simultaneously. Accordingly, we find that the trial court correctly dismissed plaintiff's complaint for administrative review.

For the foregoing reasons, the order of the circuit court is affirmed.

Affirmed.

McNAMARA, P.J., and EGAN, J., concur.