THIRD DIVISION
 Date Filed: February 20, 2002

No. 1-00-3721

EL SAUZ, INC., doing business as ) Appeal from the
EL GATO NEGRO, ) Circuit Court of
 ) Cook County.
 Plaintiff-Appellant, )
 )
 v. ) No. 00 CH 5214
 )
RICHARD M. DALEY, as Mayor of the )
City of Chicago and Local Liquor )
Control Commissioner; the LOCAL ) Honorable
LIQUOR CONTROL COMMISSION OF THE ) Julia Nowicki
CITY OF CHICAGO; WINSTON L. MARDIS, ) Judge Presiding.
as Director of the Mayor's License )
Commission of the City of Chicago; )
the CITY OF CHICAGO, a municipal )
Corporation; the LICENSE APPEAL )
COMMISSION OF THE CITY OF CHICAGO; )
ANTHONY JOHN CALABRESE, chairman; )
IRVING KOPPEL, as Commissioner of )
the License Appeal Commission, )
 )
 Defendants-Appellees. )

 PRESIDING JUSTICE HALL delivered the opinion of the Court:
 The plaintiff, El Sauz, Inc., doing business as El Gato Negro, filed a
complaint for administrative review seeking review of an order of
suspension issued by the Local Liquor Control Commission of the City of
Chicago. The defendants filed a motion to dismiss the complaint for lack
of jurisdiction. The circuit court granted the motion. The plaintiff
appeals from the order of dismissal.
 On appeal, the plaintiff raises the following issues: (1) whether the
defendants waived their jurisdictional challenge to the plaintiff's
complaint; (2) whether the License Appeal Commission had jurisdiction to
rule on the plaintiff's petition for rehearing; (3) whether the plaintiff
was statutorily entitled to service of the License Appeal Commission's
order by certified mail; (4) whether section 3-13 of the Liquor Control Act
denies the plaintiff its constitutional rights to due process and equal
protection.
 Procedural History
 On September 1, 1998, following a hearing, the Local Liquor Control
Commission (LLCC) ordered a 30-day suspension of the plaintiff's liquor
license based on its finding that the purchase of a controlled substance
had been permitted on the plaintiff's premises. The plaintiff timely filed
its notice of appeal to the License Appeal Commission (LAC). On March 15,
1999, the LAC issued its order affirming the findings of the LLCC and the
imposition of the 30-day suspension penalty. Accompanying the order was
the certification by a staff assistant that the order was mailed on March
15, 1999, addressed to the attorney of record.
 On April 15, 1999, the plaintiff filed a petition for rehearing with
the LAC. Anticipating a jurisdictional challenge because the petition was
not filed within 20 days of the LAC's order (see 235 ILCS 5/7-10 (West
1998), the plaintiff alleged that it never received a copy of the order and
that its attorney did not receive a copy of the March 15, 1999, order
within the 20-day period. The plaintiff further alleged that the order,
which was served by regular mail, was required to be served by certified or
registered mail as provided for in the Illinois Administrative Procedure
Act (the Procedure Act) (5 ILCS 10-50 (West 1998)). The petition was
supported by the affidavit of the plaintiff's president, Geraldine Lambert.
 After the filing of the petition, the plaintiff submitted the affidavit of
its attorney. In his affidavit, the attorney stated that oral arguments in
this case were held on March 8, 1999. Thereafter, he was out of town from
March 17, through March 21, 1999, and from March 23, through April 9, 1999.
 When he returned to his office on April 9, 1999, the LAC's order was
included in the mail that had been delivered while he was out of town.
 On April 16, 1999, the LLCC filed a motion to dismiss the plaintiff's
petition for rehearing. The LLCC alleged that the 20-day period for filing
the petition for rehearing was jurisdictional. The LLCC further alleged
that notice of the March 15, 1999, order was properly served by regular
mail, since the Procedure Act did not apply to the procedures followed by
the LAC.
 On January 26, 2000, the LAC issued a corrected order denying the
LLCC's motion to dismiss the petition for rehearing. The LAC determined
that the Procedure Act was applicable to the LAC procedures and therefore,
service of the March 15, 1999, order by regular mail did not comply with
the Procedure Act. As a result, the LAC concluded that the plaintiff's
petition for rehearing had been timely filed. On January 28, 2000, the
LLCC filed a petition for rehearing, which was denied by the LAC on January
31, 2000. After a hearing on the merits of the plaintiff's petition for
rehearing, on March 17, 2000, the LAC issued a corrected order denying the
plaintiff's petition for rehearing.
 On April 4, 2000, the plaintiff filed its complaint for administrative
review seeking reversal of the LAC's order affirming the LLCC's findings
and the imposition of the 30-day suspension of its liquor license.
 On May 9, 2000, the defendants filed a motion to dismiss the complaint
for lack of jurisdiction. The motion alleged the same jurisdictional
arguments that the LLCC had raised in its motion to dismiss and its
petition for rehearing before the LAC. The motion to dismiss asserted that
since the plaintiff was required to file a petition for rehearing before it
could seek review of the LAC's order, (see 235 ILCS 5/7-10 (West 1998)),
its untimely filing of its petition for rehearing deprived the LAC of
jurisdiction to act on the petition for rehearing, and therefore, the
circuit court was without jurisdiction to hear the complaint.
 On June 15, 2000, the plaintiff filed a response to the motion to
dismiss. In its response, the plaintiff pointed out that the defendants
did not file for administrative review of the LAC's order denying their
petition for rehearing as required by section 3-103 of the Administrative
Review Act (Review Act) (735 ILCS 5/3-103 (West 1998)) and thus waived
review of the LAC's denial of its motion to dismiss. Therefore, the
plaintiff argued that the defendants' motion to dismiss constituted an
impermissible collateral attack on the LAC's order.
 On July 28, 2000, the circuit court issued a written opinion granting
the defendants' motion to dismiss. The plaintiff filed a motion for
reconsideration and rehearing on August 25, 2000. The circuit court
denied the motion on October 23, 2000. The plaintiff filed a timely notice
of appeal on October 27, 2000.
 ANALYSIS
 [The following material is nonpublishable under Supreme Court Rule
23.]
 I. Whether the defendants waived their right to raise the issue of
jurisdiction before the circuit court?
 A. Standard of Review
 Dismissal based upon a lack of jurisdiction is subject to de novo
review where the facts are not in dispute. In re Marriage of Wiseman, 316
Ill. App. 3d 631, 634-35, 737 N.E.2d 325, 329 (2000).
 B. Discussion
 The plaintiff contends that the trial court erred in granting the
defendants' motion to dismiss for lack of jurisdiction because the
defendants did not follow the statutory requirements for seeking review
before the circuit court.
 The Liquor Control Act (the Liquor Act) has expressly adopted the
appeals provisions of the Review Act to govern appeals from its
commissions. See 235 ILCS 5/7-11 (West 1998).
 The January 31, 2000, order denying the LLCC's petition for rehearing
provided that the parties had 35 days from the date of service of the order
within which to commence an action for administrative review in the circuit
court of Cook County. See 735 ILCS 5/3-103 (West 1998).
 The plaintiff argues that the defendants waived their challenge to the
jurisdiction of the circuit court when they failed to seek administrative
review of the LAC's January 31, 2000, order denying their petition for
rehearing.
 Judicial review can only be undertaken where there is a final agency
determination. Buroff v. Board of Fire and Police Commissioners, 248 Ill.
App. 3d 626, 629, 618 N.E.2d 930, 932 (1993). Such a determination is made
following "'some sort of adversarial process involving the parties
affected, where a hearing on controverted facts is held, and ultimately a
disposition is rendered by an impartial officer.' [Citation.]" Buroff, 248
Ill. App. 3d at 629, 618 N.E.2d at 932. In the absence of such a final
administrative decision, the circuit court lacks jurisdiction to consider
the matter. Buroff, 248 Ill. App. 3d at 629, 618 N.E.2d at 932.
 Under the Review Act, only complaints to review final administrative
decisions may be brought. See 735 ILCS 5/3-103 (West 1998). A final order
or judgment has been defined as a determination by the court on the issues
presented by the pleadings which ascertains and fixes absolutely and
finally the rights of the parties to the litigation. Department of Central
Management Services v. American Federation of State, County and Municipal
Employees, 182 Ill. 2d 234, 238, 695 N.E.2d 444, 446 (1998). In this case,
the decision denying the defendants' petition for rehearing was not a final
decision since the LAC still had to determine whether to reverse its
decision affirming the suspension of the plaintiff's liquor license.
 The plaintiff then argues that the defendants still had sufficient
time to file for administrative review after the LAC denied the plaintiff's
petition for rehearing and upheld the suspension of its liquor license but
that they failed to do so.
 In general, a party who has obtained by a judgment all that was sought
in the trial court cannot appeal that judgment. Piersall v. Sportsvision
of Chicago, 230 Ill. App. 3d 503, 512, 595 N.E.2d 103, 108 (1992).
Specific findings adverse to the appellee do not require a cross-appeal so
long as the judgment was entirely in favor of the appellee. Piersall, 230
Ill. App, 3d at 512, 595 N.E.2d at 108. Under the Review Act, the right to
seek judicial review of an administrative decision is limited to the
parties of record at the administrative proceeding whose rights,
privileges, or duties were adversely affected by the decision. Kemp-Golden
v. Department of Children and Family Services, 281 Ill. App. 3d 869, 873,
667 N.E.2d 688, 691 (1996). One who is not "'aggrieved by the agency
decision' does not have standing to seek judicial review of the decision.
[Citation.]" Kemp-Golden, 281 Ill. App. 3d at 873, 667 N.E.2d at 691.
 Since the LAC affirmed the suspension of the plaintiff's liquor
license, the defendants received all they sought under the LAC's decision,
and their rights were not adversely affected by that decision. Therefore,
the defendants were neither obligated to nor were they able to appeal from
the LAC's order denying their petition for rehearing.
 McGaughy v. Illinois Human Rights Commission, 165 Ill. 2d 1, 649
N.E.2d 404 (1995), relied on by the plaintiff, is distinguishable. In that
case, the supreme court reiterated the principle that failure to comply
with the rules governing administrative review requires dismissal of the
action. In the present case, we have determined that the defendants did
comply with the Review Act.
 The plaintiff then argues that the defendants' motion to dismiss in
the circuit court was an improper collateral attack on the LAC's decision.
The doctrine of collateral estoppel precludes a party from re-litigating an
issue of ultimate fact that was previously decided in a valid, final
judgment. Midland Hotel Corp. v. Director of Employment Security, 282 Ill.
App. 3d 312, 315, 668 N.E.2d 82, 86 (1996) (class action dismissed as
improper collateral attack on an administrative review decision). In the
present case, the defendants are not attacking the LAC's decision affirming
the suspension.
 The plaintiff also relies on Tiskilwa Economic Development Corp. v.
Zoning Board of Appeals, 148 Ill. App. 3d 884, 500 N.E.2d 66 (1986). In
that case, the zoning board granted variances to the plaintiff. However,
the zoning enforcement officer denied the plaintiff's request for building
permits allegedly allowed by the variances. The zoning board denied the
plaintiff's appeal of the zoning enforcement officer's decision. The
plaintiff filed for administrative review, and in response, the zoning
board raised an affirmative defense, alleging that the grant of the
variances to the plaintiff violated the zoning ordinance and was therefore
void.
 On appeal from the trial court's order remanding the case to the
zoning board for issuance of the building permit, the reviewing court held
that the zoning board could not seek review of its own decision to grant
the variances to plaintiff because the board was not among the class of
parties entitled to seek review of its decision and because its assertion
of an affirmative defense constituted a collateral attack on its decision
to grant the variances. Tiskilwa Economic Development Corp., 148 Ill. App.
3d at 886-87, 500 N.E.2d at 68.
 In the present case, the defendants are not seeking to review the
LAC's decision affirming the suspension of the plaintiff's liquor license.
Further, the defendants have raised the jurisdictional issue in the same
proceeding, unlike the zoning board in Tiskilwa.
 Finally, as a general rule, questions concerning a trial court's
jurisdiction may be raised collaterally or directly at any time. In re
Marriage of Schlam, 271 Ill. App. 3d 788, 793, 648 N.E.2d 345, 348 (1995).
Even where a jurisdictional defect has not been raised by the parties, any
court of review has the independent duty to insure that appellate
jurisdiction is proper. Department of Central Management Services, 182 Ill.
2d at 238, 695 N.E.2d at 446. Since the lack of jurisdiction could be
raised at any time by either the parties or the circuit court, the
defendants' motion to dismiss for lack of jurisdiction was not an improper
collateral attack on the LAC's decision.
 We conclude that the defendants did not waive their jurisdictional
challenge to the plaintiff's complaint.
 [The preceding material is nonpublishable under Supreme Court Rule
23.]
 II. Whether the LAC had jurisdiction of the plaintiff's petition for
rehearing.
 A. Standard of Review
 Review of an agency's legal conclusions is de novo. Stillo v. State
Retirement Systems, 305 Ill. App. 3d 1003, 1007, 714 N.E.2d 11, 14 (1999).
However, findings and conclusions of fact are held to be prima facie true
and correct and will not be disturbed on review unless they are against the
manifest weight of the evidence. Stillo, 305 Ill. App. 3d at 1006, 714
N.E.2d at 14.
 B. Discussion
 Section 7-10 of the Liquor Act provides in pertinent part as follows:
 "Within 20 days after the service of any rule, regulation, order
 or decision of said commission upon any party to the proceeding, such
 party may apply for a rehearing in respect to any matters determined
 by said commission. *** No action for the judicial review of any
 decision of said commission shall be allowed unless the party
 commencing such action has first filed an application for a rehearing
 and the commission has acted upon said application." 235 ILCS 5/7-10
 (West 1998).
 We will first address whether the plaintiff was required to file its
petition for rehearing before the LAC within 20 days afer service of the
LAC's decision. Our research has revealed no case which deals specifically
with this provision of section 7-10.
 In an analogous case, Miller v. Daley, 14 Ill. App. 3d 394, 302 N.E.2d
347 (1973), the court was asked to determine whether the legislature
intended the time requirement for an appeal to the LAC set forth in the
Liquor Act to be mandatory or merely directory. The statutory provision
stated in pertinent part as follows:
 "[t]he licensee shall have the privilege, within a period of 20 days
 after the receipt of such order of fine, suspension or revocation, of
 appealing the order to the local license appeal commission ***." 235
 ILCS 5/7-5 (West 1998) formerly Ill. Rev. Stat. 1991, ch. 43, sec.
 149.
 The Miller court rejected the plaintiff's argument that the language
"shall have the privilege" should be construed as directory. The court
distinguished Carrigan v. Illinois Liquor Control Comm'n, 19 Ill. 2d 230,
166 N.E.2d 574 (1960) on the basis that Carrigan involved the performance
of an official duty. See Carrigan, 19 Ill. 2d 230, 166 N.E.2d 574 (time
period within which the LAC must act on the appeal directory); but see
Johnkol, Inc. v. License Appeal Commission, 42 Ill. 2d 377, 247 N.E.2d 901
(1969) (time period mandatory where the licensee could show injury for the
LAC's failure to act within the statutory period).
 Instead, because the complaint requested administrative review, the
Miller court relied on the case law interpreting the Review Act. The court
noted that the Review Act's provision that an administrative review action
be commenced within 35 days had been held to be jurisdictional. Miller, 14
Ill. App. 3d at 398, 302 N.E.2d at 350. The court concluded therefore that
the 20 day time limit for filing an appeal to the LAC was likewise
mandatory. Miller, 14 Ill. App. 3d at 398, 302 N.E.2d at 350.
 Like Miller, the case before us does not involve the performance of an
official duty, since the filing of the petition for rehearing is performed
by the party. While the statutory provision at issue does not use the word
"shall," we are of the opinion that the 20-day requirement of section 7-10
is also mandatory.
 Section 1-2 of the Liquor Act states that the Liquor Act is to be
liberally construed to protect the welfare of the people. 235 ILCS 5/1-2
(West 1998). Under the Liquor Act, if a petition for rehearing is filed,
"the licensee shall continue the operation of the licensed business until
denial of the application or, if rehearing is granted, until the decision
on rehearing." See 235 ILCS 5/7-9 (West 1998) (provisions of section 7-9
relative to appeals before and from the State Commission are applicable to
the appeals before and from the LAC).
 Construing the 20-day period for filing a petition for rehearing from
the LAC's decision as mandatory prevents the licensee from delaying the
final determination of its license to operate, which would not protect the
welfare of the people. Moreover, the licensee would not be injured by such
a construction, since filing the petition for rehearing within the time set
forth in section 7-9 would permit the continued operation of the licensee's
business without interruption. See Sip and Save Liquors, Inc. v. Daley,
275 Ill. App. 3d 1009, 1018, 657 N.E.2d 1, 7 (1995) (failure to act did not
result in the loss of jurisdiction, even though the word "shall" was used
where the late revocation order would not serve the welfare of the people.
The licensee continued to run his business until the license was revoked,
and the Liquor Act did not provide that jurisdiction was lost).
 Therefore, we conclude that the 20-day period in section 7-10 for
filing a petition for rehearing from a decision of the LAC is mandatory.
Therefore, the LAC has no jurisdiction to consider a petition for rehearing
filed beyond the 20 day period.
 There is no dispute that the plaintiff filed its petition for
rehearing more than 20 days after service of the decision.
Moreover, the plaintiff acknowledges that under the Review Act, service of
the decision is deemed complete when the notice is deposited in the mails
(see 735 ILCS 5/3-103 West 1998)) and does not dispute that notice of the
decision was mailed on March 15, 1999. The plaintiff argues that the
LAC's finding of fact, that the notice of its decision was not timely
received by the plaintiff, was not against the manifest weight of the
evidence. The plaintiff further argues that since the notice was not
timely, the time constraints of the Liquor Act and the Review Act do not
apply.
 The affidavit of the plaintiff's attorney does not support the LAC's
finding that service of the notice of its decision was not timely. The
affidavit stated that the attorney was out of town for two separate
periods; March 17, through March 21, 1999, and from March 23, through April
9, 1999. The affidavit then stated that the LAC's decision was in the mail
that was delivered to his office while he was out of town, and that he saw
the order for the first time on April 9, 1999.
 Based on the affidavit, the plaintiff argues that since the notice,
which was mailed on March 15, 1999, was not received by the attorney by the
time he left on March 17, 1999, and still had not been received when he
returned and again left town, something had obviously gone awry in the
postal service, making it a question of fact for the LAC to resolve. See
Thompson v. Bernardi, 112 Ill. App. 3d 721, 445 N.E.2d 1321 (1983)
(plaintiff can rebut presumption of receipt by denying receipt of the
notice, and receipt then becomes a question to be resolved by the trier of
fact).
 In this case, the certificate of mailing stated that notice of the
LAC's decision was mailed to the plaintiff's attorney of record on March
15, 1999, giving the plaintiff until April 4, 1999, to file its petition
for rehearing. The plaintiff denied receiving the notice until April 9,
1999. The only relevant evidence the plaintiff offered on the issue of the
receipt of the decision was the affidavit of its attorney.[1] However,
nowhere in the attorney's affidavit did he state that he examined his mail
upon his return from the first trip and failed to find the notice. He
merely stated that the first time he saw the notice was on April 9, 1999.
Further, his affidavit makes it clear that the notice was delivered while
he was out of town, which was during most of the 20-day period. Nothing in
the affidavit supports the LAC's finding that the notice of its decision
was delivered after the 20 day period expired and therefore, its conclusion
that the notice of the decision was untimely is against the manifest weight
of the evidence.
 We conclude that the LAC's factual finding that service of its
decision on the plaintiff was untimely was against the manifest weight of
the evidence. We further conclude that since the plaintiff's petition for
rehearing was filed after the expiration of the mandatory 20-day period for
the filing of a petition for rehearing, the LAC was without jurisdiction to
consider the petition.
 III. Whether the plaintiff was statutorily entitled to service of the
LAC's decision by certified mail.
 A. Standard of Review
 Interpretation of a statute is reviewed de novo. Wiseman, 316 Ill.
App. 3d at 635, 737 N.E.2d at 329.
 B. Discussion
 The plaintiff contends that since the Liquor Act adopted the
provisions of the Procedure Act, it was entitled to service of the LAC's
decision by certified mail. The plaintiff relies on the following
provision of the Liquor Act:
 "The provisions of 'The Illinois Administrative Procedure Act', as now
 or hereafter amended, are hereby expressly adopted and incorporated
 herein as though a part of this Act, and shall apply to all
 administrative rules and procedures of the State commission under this
 Act." 235 ILCS 5/3-13 (West 1998).
 Section 10-50 of the Procedure Act provides in pertinent part as
follows:
 "Parties or their agents appointed to receive service of process shall
 be notified either personally or by registered or certified mail of
 any decision or order." 5 ILCS 5/10-50 (West 1998).
 In Laristos v. City of Chicago License Appeal Commission, 309 Ill.
App. 3d 59, 722 N.E.2d 690 (1999), this court held that the Procedure Act
does not apply to appeals from LAC decisions. The plaintiff in that case
argued that, although section 3-13 of the Liquor Act referred only to the
State Commission, the Procedure Act applies to "every agency as defined
[therein]" other than units of local government. 5 ILCS 100/1-5(a), 1-20
(West 1996). However this court determined that, while the LAC was an
"agency," it was also a unit of local government, and therefore, the
Procedure Act, by its own terms, did not apply. Laristos, 309 Ill. App. 3d
at 64, 722 N.E.2d at 693.
 While acknowledging the decision in Laristos, the plaintiff argues
that the Laristos court did not address the provisions of sections 7-9 and
7-10 of the Liquor Act. Section 7-9 provides in pertinent part as follows:
 "In cities, villages and incorporated towns having a population
 of 500,000 or more inhabitants, appeals from any order or action shall
 lie to the license appeal commission of such city, village or
 incorporated town. All of the provisions of this Section and Section
 7-10 relative to proceedings upon appeals before the State Commission
 and relative to appeals from the decisions of the State Commission
 shall apply also to proceedings upon appeals before any license appeal
 commission and appeals from the decisions of license appeal
 commission." 235 ILCS 5/7-9 (West 1998) .
 The plaintiff argues that the above language clearly indicates that
the provisions governing the appeals before and from the State Commission
and the LAC shall be the same.
 Section 7-10 of the Liquor Act provides in pertinent part as follows:
 "A copy of the rule, regulation, order or decision of the State
 commission or the license appeal commission, in any proceeding before
 it, certified under seal of said commission, shall be served upon each
 party of record to the proceeding before the commission and service
 upon any attorney of record for any such party shall be deemed service
 upon such party. Each party appearing before said commission shall
 enter his appearance and indicate to the commission his address for
 the service of a copy of any rule, regulation, order, decision or
 notice and the mailing of a copy of any rule, regulation or order of
 said commission or of any notice by said commission, in said
 proceeding, to said party at such address shall be deemed service
 thereof on such party." 235 ILCS 5/7-10 (West 1998).
 The plaintiff reasons that if the State Commission is required by the
Procedure Act to serve section 7-10 notices personally or by certified or
registered mail, then under the language of section 7-9, the LAC is
required to do so as well.
 The defendants respond that the plain language of section 3-13 of the
Liquor Act limits the application of the Procedure Act to the State
Commission. Therefore, the LAC is bound by the provisions of sections 7-9
and 7-10 but not by section 3-13.
 Section 7-10 does not require service by certified or registered mail.
 It is the notice provisions of section 7-10 which are applicable to both
the State Commission and the LAC, not the provisions of section 3-13,
which, by its own terms, are clearly applicable only to the State
Commission.
 We conclude that the plaintiff was not entitled to service of the
LAC's decision by certified mail or registered mail.
 IV. Whether due process and equal protection require that the LAC
comply with the same service requirements as the State Commission.
 A. Standard of Review
 A reviewing court applies a de novo standard of review to a circuit
court's decision with respect to the constitutionality of a statute.
Kaufman, Litwin and Feinstein v. Edgar, 301 N.E.2d 826, 830, 704 N.E.2d
756, 760 (1998).[2]
 B. Discussion
 1. Due Process
 A fundamental requirement of due process in any proceeding which is to
be accorded finality is notice, reasonably calculated under the
circumstances, to apprise interested parties of the pendency of the action
and afford them an opportunity to present their objections. Stratton v.
Wenona Community Unit District No. 1, 133 Ill. 2d 413, 432, 551 N.E.2d 640,
648 (1990). Due process does not require useless formality in the giving
of notice, requiring only reasonable assurance that notice will actually be
given and the person whose rights are to be affected will be given a
reasonable time to appear and defend. Stratton, 133 Ill. 2d at 432-33, 551
N.E.2d at 648. There must be an opportunity, at a meaningful time and in a
meaningful manner, for a hearing appropriate for the nature of the case.
Stratton, 133 Ill. 2d at 433, 551 N.E.2d at 648.
 Procedural due process in an administrative setting does not always
require application of the judicial model, and in fact, not all procedures
are appropriate in administrative proceedings. Stratton, 133 Ill. 2d at
433, 551 N.E.2d at 648. The procedural safeguards mandated by due process
in a particular case vary, depending upon: (1) the significance of the
private interest which will be affected by the official action, (2) the
risk of the erroneous deprivation of such interest through the procedures
used, and the probable value, if any, of additional or substitute
procedural safeguards, and (3) the significance of the State interest,
including the function involved and the fiscal and administrative burdens
that the additional or substitute procedural safeguards would entail.
Stratton, 133 Ill. 2d at 433, 551 N.E.2d at 648.
 In Guerrero v. Ryan, 272 Ill. App. 3d 945, 651 N.E.2d 586 (1995),
this court rejected the plaintiff's argument that due process required that
notice of the suspension of his driver's license be made by certified mail.
 The court noted that the United States Supreme Court has repeatedly held
that "mail service is an inexpensive and efficient mechanism that is
reasonably calculated to provide actual notice. Guerrero, 272 Ill. App. 3d
at 949, 651 N.E.2d at 589 citing Tulsa Professional Collection Services,
Inc. v. Pope, 485 U.S. 478, 490, 99 L.Ed. 2d 565, 578, 108 S.Ct. 1340, 1347
(1988). The court further noted that Illinois courts have also deemed the
use of regular mail sufficient means for providing notice to creditors
(Elmhurst Stamping & Manufacturing Co. v. Amax Plating, Inc., 67 Ill. App.
3d 257, 384 N.E.2d 839 (1978)) and for providing notice of pending police
action to abate a nuisance (Village of Bensenville v. Botu, Inc., 39 Ill.
App. 3d 634, 637, 350 N.E.2d 239 (1976)). Guerrero, 272 Ill. App. 3d at
249, 651 N.E.2d at 589.
 The plaintiff argues that Guerrero is distinguishable because the
plaintiff in that case had failed to comply with the requirement that he
notify the Secretary of State when he moved. However, the plaintiff in the
present case was equally remiss by failing to insure that the notice would
not lie unopened in its attorney's office.
 The central question is whether notification by regular mail is
reasonably calculated to provide actual notice. See Dusenbery v. United
States, No. 00-6567, slip op. at 9 (U.S. January 8, 2002) (Due Process
Clause requires only that the Government's effort be "reasonably
calculated" to apprise a party of the pendency of the action). In this
case, but for the attorney's absence, the plaintiff would have been aware
of the receipt of the LAC's decision and could have filed a timely petition
for rehearing. The plaintiff suggests that 20 days is a relatively short
period of time within which to provide notice. However, 20 days would
have been more than enough time for the plaintiff to file its petition for
rehearing, but for the fact that its attorney absented himself for the
majority of the 20-day period, knowing that a decision from the LAC would
be forthcoming but without providing for his mail to be checked for receipt
of the LAC's decision. See Stratton, 133 Ill. 2d at 433, 551 N.E.2d at 648
(two days notice was sufficient time to prepare for a hearing where the
plaintiffs were aware of the facts which led to their son's expulsion from
school).

 Since service of the LAC's decision in this case by regular mail was
reasonably calculated to provide the plaintiff with actual notice, we
conclude that section 3-13 of the Liquor Act does not deny the plaintiff
due process.
 2. Equal Protection
 A denial of equal protection is an arbitrary and invidious
discrimination that results when government withholds from a person or
class of persons a right, benefit, or privilege without a reasonable basis
for the governmental action. Chicago National League Ball Club, Inc. v.
Thompson, 108 Ill. 2d 357, 367, 483 N.E.2d 1245, 1250 (1985). It is well
established that unless an enactment impinges on a fundamental personal
right or is drawn upon an inherently suspect classification, it is
presumptively valid, and it will survive constitutional scrutiny if it is
rationally related to a legitimate governmental purpose. Triple A
Services, Inc. v. Rice, 131 Ill. 2d 217, 225-26, 545 N.E.2d 706, 709
(1989).
 The plaintiff contends that its rights to adequate notice and judicial
review of administrative decisions are fundamental due process rights.
However, as our supreme court noted in McLean v. Department of Revenue, 184
Ill. 2d 341, 704 N.E.2d 352 (1998), due process does not require a state to
provide a system of appeals. The right of judicial review in cases such as
the plaintiff's arises not from a constitutional right but from a statutory
right provided for in the Review Act. See McLean, 184 Ill. 2d at 354-55,
704 N.E.2d at 359. Therefore, the plaintiff's equal protection challenge
to section 3-13 of the Liquor Act will be conducted under the rational
basis test. See McLean, 184 Ill. 2d at 355, 704 N.E.2d at 359 (review of
the constitutionality of the bond provisions of the Review Act and the
Retailers' Occupation Tax Act conducted under the rational basis standard).
 As a rule, under the rational basis test, if any set of facts can
reasonably be conceived to justify the legislative provision challenged, it
must be upheld. McLean, 184 Ill. 2d at 355, 704 N.E.2d at 359. That is,
the statute in question need only be rationally related to a legitimate
state goal to be validated. McLean, 184 Ill. 2d at 355, 704 N.E.2d at 359.

 Differentiating the City of Chicago from all other Illinois cities is
neither a new practice nor an invalid one. Des Plaines Firemen's
Association v. City of Des Plaines, 267 Ill. App. 3d 920, 928, 642 N.E.2d
732 (1994). Population classifications distinguishing Chicago from other
cities are presumed valid and will be voided only when clearly arbitrary.
Des Plaines Firemen's Association, 267 Ill. App. 3d at 928, 642 N.E.2d at
737. Any such classification must be reasonable and based upon rational
differences of condition among the classified municipalities. Des Plaines
Firemen's Association, 267 Ill. App. 3d at 928, 642 N.E.2d at 737-38. The
burden of demonstrating the unreasonableness or arbitrariness of the
classification lies with the person attacking its validity, and reasonable
doubts are to be resolved in favor of upholding the validity of the
legislation creating the classification. Des Plaines Firemen's
Association, 267 Ill. App. 3d at 928, 642 N.E.2d at 738.
 The plaintiff relies on Johnkol, Inc. In that case, the plaintiff
argued that a recent amendment to the Liquor Act which allowed licensees
who appealed to the State Commission to remain open pending a decision by
the reviewing agency, but denied the same privilege to licensees whose
appeals were heard by the LAC was unconstitutional.
 The supreme court agreed, stating that it was unable to find any
rational basis for the difference in treatment of licensees based upon
population, since compliance with the applicable statutes, the aim of the
sanction, was equally to be desired of all licensees throughout the state,
regardless of the population of the city in which their premises were
located. Johnkol, Inc., 42 Ill. 2d at 381, 247 N.E.2d at 903.
 Johnkol, Inc. is distinguishable from the present case. As the
supreme court noted in that case, there was simply no basis for imposing a
sanction based upon population rather than upon the misconduct. The
difference was created by the legislature and was not one inherent in the
location to which the law applied. Johnkol, Inc., 42 Ill. 2d at 382, 247
N.E.2d at 903-04. However, in the case before us, the differing service
requirements are reflective of the differences between mail service in the
City of Chicago and other municipalities.
 The legislature is generally given great flexibility in addressing the
different needs throughout the State. Cutinello v. Whitley, 161 Ill. 2d
409, 421, 641 N.E.2d 360, 365 (1994). Classification, an inevitable
consequence of this flexibility, "'"requires that some persons who have an
almost equally strong claim to favored treatment be placed on different
sides of the line, and the fact [that] the line might have been drawn
differently at some points is a matter for legislative, rather than
judicial, consideration."' [Citations.]" Cutinello, 161 Ill. 2d at 421, 641
N.E.2d at 365.
 In this case, we may presume that the legislature, prior to making the
classification in this case, took into consideration mail service, both in
the City of Chicago and the rest of the State, when it determined not to
require the LAC to serve its notices by certified mail. See People v.
Palkes, 52 Ill. 2d 472, 478, 288 N.E.2d 469, 473 (1972) (presumption exists
that the legislature investigated and was aware of the problems peculiar to
the City of Chicago before making the complained of classification). Our
supreme court has also recognized that the fact that the City of Chicago is
more densely populated that any other city in the State can be the basis
for creating a classification which may apply only to that city. See
Palkes, 52 Ill. 2d at 479, 288 N.E.2d at 473 (legislature justified in
creating classifications in police regulations which apply only to the City
of Chicago based on its population).
 As the defendants suggest, the legislature could legitimately have
concluded that, in a unified and geographically compact area such as the
City of Chicago, service by regular mail would be sufficient to ensure
timely receipt of notices without consuming too much of the LAC's time and
resources. However, throughout the rest of Illinois where the licensees
and municipalities are diverse and far-flung, the legislature could well
have decided that the use of certified mail, despite its extra burden on
the State Commission, would be necessary to perfect service.
 We may also presume that the legislature surveyed the conditions
existing in the population centers of this State and pursued the various
means available to the General Assembly, not available to this court, in
informing itself of these conditions, before enacting a classification
based upon population. Palkes, 52 Ill. 2d at 477, 288 N.E.2d at 472.
 Finally, as the defendants point out, the court in Laristos held that
the Procedure Act was not applicable to the LAC because the LAC was a unit
of local government, not because of a geographical distinction.
 The plaintiff has offered nothing which proves that the classification
in this case is unreasonable and arbitrary other than the fact that, unlike
those licensees who appeal to the State Commission, it is not entitled to
receive notices from the LAC via registered or certified mail. Given the
presumption of the validity of the classification, the plaintiff has failed
to carry its burden of proving either the unreasonableness or the
arbitrariness of the legislature's decision not to require the LAC to serve
its notices by registered or certified mail.
 We conclude that the section 3-13 of the Liquor Act does not deny
equal protection to the plaintiff.
 The judgment of the circuit court of Cook County is affirmed.
 CERDA and SOUTH, JJ., concur.

-----------------------

 [1]The plaintiff also filed the affidavit of its president, Geraldine
Lambert. However, the fact that Ms. Lambert did not know about the
decision until after April 8, 1999, is not persuasive since the rule
provides that service of the notice can be on the attorney of record. In
addition, although the petition for rehearing states that the plaintiff's
attorney told Ms. Lambert that he did not receive the LAC's decision within
the 20-day period, that fact is not supported by the attorney's own
affidavit.

 [2]The constitutional issues were not raised before the circuit
court, although the issues were alluded to before the LAC. This court is
not bound by the principle of waiver, and in the interests of a just
result, we elect to address the constitutional issues. See American
Federation of State, County and Muncipal Employees, Council 23, AFL-CIO v.
County of Cook, 145 Ill. 2d 475, 584 N.E.2d 116 (1991).